Argued July 21, reversed with instructions August 26, petition
for rehearing denied September 17, petition for review
denied November 3, 1971

SANDERLIN, *Respondent, v.* CENTRAL SCHOOL
DISTRICT 13J OF POLK COUNTY, *Appellant.*

487 P2d 1399

*Edward H. Warren,* Portland, argued the cause for appellant. With him on the brief were Hershiser, Mitchell & Warren, Portland.

*C. S. Emmons,* Albany, argued the cause for respondent. With him on the brief were Emmons, Kyle, Kropp & Kryger, Albany.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

Defendant school district appeals from an order allowing a new trial to plaintiff after a jury verdict for both defendants. Defendant Cooper did not appeal.

The assignments of error that are dispositive of this appeal are (1) that a demurrer on ground of no cause of action stated against defendant school district should have been allowed and (2) the defendant school district's motion for directed verdict should have been allowed.

Plaintiff, who was at the time of the accident almost seven years old, brought action seeking damages for injuries inflicted by a vehicle driven by defendant Cooper on Main Street in Independence. With some 60 other students plaintiff was brought to the area of his home on defendant district's bus. The bus was driven into a private parking area off the street to discharge student passengers, about one-half of whom got off at this stop. As the bus stopped off the

roadway it did not use the flashing lights used to warn traffic as required by ORS 485.020. The driver testified that he had stopped the bus in the private lot for three successive days because that was being tried out in preference to stopping in the street. He said he had lectured the children who crossed the street about going to the corner and crossing in a group. On the day the accident occurred all or most of the other children went to the corner, but plaintiff went from the bus directly across Main Street, where there was no crosswalk, in the direction of his home. In the street he was struck and injured by defendant Cooper's vehicle.

The only allegation of negligence against the defendant school district in plaintiff's complaint is:

"* * * It failed to stop the bus on North Main Street and to use the available signals installed on the bus to halt vehicular traffic in both directions on the street so as to enable the plaintiff to leave the bus and go into his home without having to cross the street and without having to be subjected to moving vehicles on the street."

The motion for directed verdict was based on the reason that plaintiff had failed to prove actionable negligence on the part of the district.

ORS 485.020 (1) provides:

"(1) (a) Except as provided in subsection (2) of this section, when a driver of a motor vehicle meets or overtakes a school bus which is stopped on a public highway or a shoulder thereof and on which is operating a flashing red warning light that is visible to the driver, the driver shall stop the vehicle before reaching the point described in paragraph (b) of this subsection and shall remain

stopped so long as the flashing red warning light is operating.

"* * * * *"

Plaintiff contends that if the bus had stopped on the roadway instead of off it, it would have had its flashing red lights going, traffic in both directions would have stopped as required by the statute, and plaintiff would have gone to his home in safety. Plaintiff also claims that if the defendant school district had routed and stopped its bus upon certain streets and used its flashing lights, plaintiff would not have had to cross the street where the accident occurred. For these reasons plaintiff claims the district was guilty of common law negligence by not stopping the bus in the street instead of the private lot. There is no claim of statutory negligence, and we see no issue in that regard. See *McLain v. Lafferty*, 257 Or 553, 480 P2d 430 (1971).

Was there a jury question concerning a breach of duty to stop on the roadway on the part of the school district?

In the case at bar evidence was that the district's bus supervisor had directed the bus driver to use the private parking lot because hazardous conditions for the children had been experienced when stops had been made on the street with the flashing lights of the bus in operation. It was reasonable to use another method of stopping to unload children which appeared to be safer for all concerned.

The school bus could not reasonably be said to have a duty to deliver each child to his respective home in such a manner that no child would be required to cross a street; therefore, if the bus had been stopped

for his benefit, as plaintiff says it should have been, some other child or children would necessarily be exposed to the hazards of crossing the street.

We conclude that reasonable persons would regard the actions of the school district free from fault. The motion for directed verdict for the defendant district should have been sustained.

Reversed and remanded for a new trial as to the cause of action against defendant Cooper.