Tina Dawn BROOKS, a Minor, by and through her next friend, Myrtle Byus, Appellant,

v.

Sandra F. WOODS and Choctaw Independent School District No. 4, Appellees.

No. 56006.

Court of Appeals of Oklahoma, Division No. 2.

Dec. 15, 1981.

Released for Publication by Order of Court of Appeals Jan. 15, 1982.

Geary L. Walke, Coleman, Walke & Briggs, Del City, for appellant.

C. Scott Beuch, Beuch, Mackechnie & Rice, Oklahoma City, for appellees.

BOYDSTON, Judge.

Appeal is from sustention of demurrer to Plaintiff's amended petition in which the legal issue presented is whether a school district has a legal duty to designate reasonably safe school bus stop sites.

Plaintiff's nine-year-old child was seriously injured when she was struck by a car while waiting for the school bus. Trial court inferrentially held School District has no legal duty to the child under the facts presented and sustained a demurrer to the petition for failure to state a cause of action. We have examined the pleadings and reverse.

It appears the injured child was a quiet nine-year-old having the skills and learning capacity of a child of only six years. She was struck by a car while waiting for the school bus and was severely injured. She remained in a coma for more than three months and suffered further permanent brain damage.

Initially both the auto driver and School District were named defendants but a court approved settlement was made with the driver which left only the School District's liability undetermined. The validity of the cause of action as to this defendant is the sole basis of the appeal.

I

In order to test the validity of a demurrer, the court is required to liberally construe the petition in favor of the pleader; and, all factual allegations must be taken as true together with all reasonable inferences to be drawn therefrom. *Turner v. Rector*, Okl., 544 P.2d 507 (1975); *Employers Casualty Co. v. Ideal Cement Co.*, Okl., 511 P.2d 1090 (1973). In this instance Plaintiff generally alleged:

(1) the bus stop was established and designated by School District;

(2) it is unreasonably dangerous being located immediately adjacent to an uncurbed, five-lane main traffic artery;

(3) normal rush hour traffic and bus arrival coincided, thereby subjecting children to maximum danger;

(4) area speed limit is 45 MPH;

(5) the injured child is nine-years-old and of tender years having ordinary (and in this case extraordinary) physical and mental limitations all of which is well known to School District officials;

(6) an alternate, safe bus stop is available within a short distance;

(7) a special relationship exists between Plaintiff's child and School District which gives rise to a duty to exercise ordinary care and reasonable prudence in its responsibility to transport the child;

(8) School District well knows that children are likely to cross the dangerous street;

(9) neither parents nor children have any choice or control over the location of the bus stops; and

(10) School District is under a duty to select a reasonably safe bus stop location commensurate with the foreseeable danger and risk.

Basically, the allegations are: (1) School District owed Plaintiff's child a duty to

provide a reasonably safe school bus stop site; (2) School District negligently failed to discharge that duty; and, (3) the child's injuries were proximately caused by that negligence. These allegations, when factually pled, traditionally serve to insulate the petition from a demurrer. The record does not disclose which element of the cause of action was found by the court to be defective, but because the elements of negligence and injury are clearly and specifically pled and may not be resolved except as jury issues, we assume the trial court terminated the case solely on whether School District owes a legal duty to Plaintiff. We therefore limit the discussion to whether such a duty exists.

## II

School District argues its duty is strictly limited to the bus ride and all responsibility for the child's preboarding safety lies with the parents. We would agree with this proposition except for the fact neither parents nor children have discretion as to where the bus will stop. Such an argument could conceivably permit a bus stop in the middle of the traffic island.

██ First, we observe the defense of sovereign immunity is not applicable as a basis for sustaining the demurrer.[1] Title 70 O.S.1973 Supp. § 9–101 authorizes school districts to provide transportation for children who live beyond a specified distance from school. Though this is not a mandatory duty, once the responsibility has been assumed by a school district it carries with it a duty to exercise reasonable judgment in providing such transportation. We hold simply that a school district's legal duty to exercise reasonable care extends to any activity of school bus transportation which lies outside the control of the parents.

██ In this instance, the specific allegation of School District's duty is that it must provide a reasonably safe bus stop where children may wait for the bus with reasonable safety, having due regard for their age, immaturity and inexperience. We hold the amended petition sufficiently states the cause of action. This opinion is strictly limited to the facts of this case and we specifically exclude the child's activities in traveling to and from the bus stop.[2]

██ This case must now go to trial and in the interest of economy we feel it necessary to address the issue of whether School District owes a special standard of care to this particular child, considering she is retarded. We hold there is but one standard of care imposed on the District and that is to use reasonable care under all the existing circumstances. Certainly, the average mental, emotional and rational maturity of the group of students to be transported is an important circumstance for the fact finders to consider in determining whether the appropriate care has been exercised.

We reverse and remand the cause for further proceedings consistent with the views expressed herein.

BACON, P. J., and BRIGHTMIRE, J., concur.

---

1. The legislature has specifically provided each governmental agency is liable, within limitations, for its own tortious acts and those of its servants. 51 O.S.1978 Supp. § 153. In this case, Plaintiff's recovery is limited to $50,000. 51 O.S.1979 Supp. § 154.

2. There are no comparable Oklahoma cases, and only a few cases in other jurisdictions. See Sewar v. Gagliardi Bros. Service, 69 A.D.2d 281, 418 N.Y.S.2d 704 (1979); Pratt v. Robinson, 39 N.Y.2d 554, 384 N.Y.S.2d 749, 349 N.E.2d 849 (1976) and Gleich v. Volpe, 32 N.Y.2d 517, 346 N.Y.S.2d 806, 300 N.E.2d 148 (1973).