Tamitra STOKES, a minor, By and Through her mother and next friend, Carrie STOKES, and Carrie Stokes, individually, Appellants,

v.

TULSA PUBLIC SCHOOLS, an Oklahoma political subdivision, Appellee.

No. 81456.

Court of Appeals of Oklahoma, Division No. 3.

March 22, 1994.

Certiorari Denied May 23, 1994.

Michael James King, M. Jean Holmes, Tulsa, for appellants.

J. Douglas Mann, Jerry A. Richardson, Tulsa, for appellee.

## OPINION

HUNTER, Presiding Judge:

The minor Appellant, Tamitra (Tami), enrolled in Key Elementary School in Tulsa, Oklahoma, during her fourth grade year, when Appellants moved to their apartment on the south side of East 71st Street. Tami's usual school bus stop was located across the street from her apartment, on the north side of East 71st. In October of Tami's fifth grade year, she attempted to cross East 71st, then a two lane street, before the arrival of her school bus. She was hit and injured by a motorist. Her mother had instructed Tami to wait until the bus arrived before crossing the street. There was no crosswalk between Tami's apartment building and the bus stop, nor was there an intersection nearby.

Appellants sued Appellee (School District) on a negligence theory. The pretrial order fixed the legal issues to be resolved as: (1) whether a school district has a legal duty to pick up students on the side of the street on which a student lives; (2) whether Carrie Stokes' claim is barred due to her failure to comply with the dictates of the Oklahoma Governmental Tort Claims Act; and (3) whether the school district was exempt from liability under certain subdivisions of the Governmental Tort Claims Act.

The trial court granted School District's motion for summary judgment finding, as a matter of law, that School District did not violate any legal duty. We agree. The other legal issues raised were not addressed by the trial court because a finding of a duty is prerequisite element of a tort action.

## STANDARDS OF REVIEW

■ The facts as submitted by the parties to the trial court in their motion for and response to summary judgment reveal no substantial controversy as to any material fact. 12 O.S. 1991 Ch. 2, App., Dist.Ct.R. 13(e). The question of existence of a duty, in a negligence cause, is one of law. When there is no substantial controversy as to any material fact and a party is entitled to judgment as a matter of law, the court properly grants summary judgment. *Flanders v. Crane Co.*, 693 P.2d 602, 605 (Okl.1984). The appellate court sits as a court of first instance when facts are presented to the trial court for judgment solely in documentary form. *Loffland Bros. Co. v. Overstreet*, 758 P.2d 813, 817 (Okl.1988). We analyze the record, may substitute our analysis for that of the trial court, and render the judgment which should have been rendered. *Loffland Bros.* at 817.

## ANALYSIS

■ No Oklahoma case law has decided the question of whether a school district has a duty to the school bus passengers to board and discharge them on the side of the street where the students live. Appellants cite *Brooks v. Woods*, 640 P.2d 1000 (Okl.App. 1982) in support of their position. The *Brooks* court, at 1002, held that the school district's "legal duty to exercise reasonable care extends to any activity of school bus transportation which lies outside the control of the parents." Finding that the allegation concerned the school district's duty to provide a reasonably safe bus stop, the *Brooks* court, at 1002, specifically excluded the child's activities to and from the bus stop. In *Brooks*, the school child was injured when she was struck by a car while waiting at the bus stop for her bus. That bus stop was adjacent to an uncurbed, five lane main traffic artery.

Appellee relies on cases from sister states in support of its position that it has no duty

to have the school bus stop on the side of the street where each child lives. In *Hackler v. Unified School Dist. No. 500*, 245 Kan. 295, 777 P.2d 839 (1989), the Supreme Court of Kansas held, 777 P.2d at 842–43, that "the law does not require a school district to unload students only on the side of the street on which the student lives, or to prohibit students from being discharged on the side of a street other than the side on which the student lives." In this case, nine-year-old Hackler got off at the stop after school, but did not cross the road to his house. Instead, he stayed on the same side of the road onto which he had disembarked and picked flowers for this grandmother. Only much later did he cross the road, during which attempt he was struck by a car. The Kansas school system, at the beginning of the school year, had sent a letter to all parents, with a bus schedule enclosed, asking the parents to select the bus stop nearest their home and on their side of the street. The school district sent reminders during the school year about the hazards of the road in question. The school bus driver would not have let the child get off the bus on the side he did had the driver known he did not live on that side. In this case, liability against the school district was precluded because the school district delegated the choice of bus routes and stops the child should use to the parents.

Next, Appellee offers *Sanderlin v. Central School District 13J of Polk Co.*, 6 Or.App. 429, 487 P.2d 1399 (1971) in support of its position. In this case, the school bus, for the third day of an experiment, discharged its passengers in a private parking area off the street. Because it was off the street, the bus did not display its flashing lights to warn traffic. The driver lectured the children to cross the street as a group, at the intersection. The minor student, however, went from the bus directly across the street toward home. There was no crosswalk. The student was injured while crossing the street. The Oregon court held, 487 P.2d at 1400, that "The school bus could not reasonably be said to have a duty to deliver each child to his respective home in such a manner that no child would be required to cross a street . . .".

Despite factual differences in the three cases cited, the underpinning of all of them consistently leads to one result, as stated in *Brooks* at 1002: "a school district's legal duty to exercise reasonable care extends to any activity of school bus transportation *which lies outside the control of the parents.*" (emphases ours). In the instant case, Tami knew to wait for the arrival of the bus before crossing the street because the bus, once stopped, displayed its warning lights, stopping traffic. If Appellant Mrs. Stokes believed her child was in danger or that crossing the street was dangerous for Tami, it was within her control to complain to the school or seek information about an alternative bus stop. She had properly instructed her child about correct procedures for crossing the street. Surely the parent is more responsible for a child's disobedience of the parent's instruction than the school district.

■ We hold that the school district owes no duty to pick up or deliver each student on the side of the street where the student lives. We affirm the trial court's grant of summary judgment in favor of Appellee School District.

AFFIRMED.

GARRETT, V.C.J., and BAILEY, J., concur.