James A. LEE, d/b/a Sapulpa Transportation Company and W. C. Kendall, Plaintiffs in Error,

v.

Lou Ella DARDEN, Defendant in Error.

No. 41477.

Supreme Court of Oklahoma.

Nov. 1, 1966.

Best, Sharp, Thomas & Glass, Joseph A. Sharp, Joseph F. Glass, Tulsa, for plaintiffs in error.

Gerald D. Swanson, Tulsa, for defendant in error.

BERRY, Justice:

Plaintiff in error, defendant in the trial court, has appealed from a judgment rendered upon a jury verdict in favor of plaintiff in an action brought to recover damages for personal injuries.

Plaintiff alleged that on July 1, 1963, she was a fare paying passenger upon a bus, owned by the corporate defendant and driven by defendant Kendall, traveling from Tulsa to Sapulpa, Oklahoma; upon arrival in Sapulpa the bus was parked in a negligent manner two (2) feet from the loading ramp. While attempting to leave the bus, exercising due care for her own safety, plaintiff fell between the door of the bus and the ramp, receiving various injuries to her back, left knee and right foot. Defendants were charged with negligence in that they knew, or should have known, that parking the bus in a negligent and careless manner might result in harm to passengers dismounting from the bus; that failure to park the bus properly and provide a safe exit for plaintiff was the proximate cause of injury.

Defendants answered by general and specific denial, and specially pleaded unavoidable accident and contributory negligence. The issues were made by plaintiff's reply denying all matters inconsistent with allegations of the petition, and specific denial of contributory negligence.

Plaintiff, sixty years of age, testified that upon arrival at the Sapulpa terminal defendant Kendall stopped the bus in such manner that the exit step was approximately two feet from the landing platform or ramp.

Plaintiff, preceded by other passengers, started to leave the bus but, upon arrival at the exit plaintiff discovered she had lost a glove. Advising defendant Kendall of this she returned to the place where formerly seated, while defendant assisted other passengers to alight. Having retrieved the glove plaintiff returned to the exit, but the driver no longer was there to assist her from the bus. In attempting to leave the bus she was unable to reach the landing ramp firmly with her foot, causing loss of balance and the resultant fall and injuries as alleged. Plaintiff, after being helped up by a boy and another woman, then went into the station and sat down. Later she advised defendant Lee she had fallen, and was sent to a nearby doctor's office. Thereafter the plaintiff was treated by a physician in Tulsa, who testified in her behalf.

This physician (Sisler) testified for plaintiff relative to examination and treatment. The testimony was that the injuries, of which plaintiff complained, resulted directly from the accident and were painful, permanent and disabling.

Concerning the circumstances of the accident, defendants' evidence was elicited from another woman passenger (Hennessey) and the defendant (Kendall) driver of the bus. The passenger testified plaintiff first alighted from the bus and then returned to retrieve a glove, and fell when leaving the bus the second time. This latter testimony was denied by plaintiff on rebuttal. This witness fixed the distance between the bus and the landing at from 12–13 inches.

The driver, a defendant herein, testified that upon arrival he pulled the bus in as close to the dock as possible, which left the bus 12–13 inches from the dock. After assisting some 6 or 7 passengers, of whom plaintiff was second or third, to alight from the bus as was his usual practice, defendant went to the rear of the bus to secure the express and take it into the station. While handling the express plaintiff came and advised defendant she had fallen off the bus and defendant then took her into the station to defendant Lee.

Defendant Lee, operator of the bus station, testified plaintiff told him she had fallen and inquired whether she wished to see a doctor. Defendant sent her to Dr. Mullins in a nearby office who examined her and found both knees bruised and the right knee skinned.

An orthopedic surgeon (Henry) who examined plaintiff stated his findings based upon extensive examination and various tests. This witness testified that in his opinion there were no objective findings of injury that would be related to the accidental injury alleged.

After the matter was submitted under instructions, the giving of certain of which is assigned as error, the jury returned a verdict ($2,500.00) in plaintiff's favor. Judgment was rendered upon the verdict and upon overruling of the motion for new trial defendants perfected this appeal.

The first contention is that plaintiff failed to prove primary negligence, and the trial court committed reversible error in overruling both defendants' demurrer to the evidence and motion for directed verdict. Defendants argue that although bound to exercise the highest degree of care, they were not insurers of plaintiff's safety, and liability for injury had to be based solely upon negligence. Citing Southwestern Motor Carriers v. Nash, 195 Okl. 604, 159 P.2d 745. Defendants assert there was no evidence the bus was parked differently than on previous occasions, that there were hidden dangers or that plaintiff was unable to observe the condition of the exit, or that she was infirm or required assistance in alighting from the bus. Thus defendants urge the record is devoid of any evidence to support the charge of negligence or the verdict of the jury, and necessarily was based upon conjecture and speculation, which violates the rule stated in Lawson v. Anderson & Kerr Drilling Co., 184 Okl. 107, 84 P.2d 1104, and related cases cited by defendants.

The petition charged that defendants' negligence in stopping the bus two feet from the unloading ramp created an unsafe condition. The defendants were bound to exercise the highest degree of care for the safety of passengers. Whether parking the bus in this manner to discharge passengers was safe and reasonable and whether defendants should have recognized the necessity, under the circumstances, of offering assistance to plaintiff in alighting from the bus in order to discharge the duty owed were questions of fact for the jury to determine. The question is discussed at length in Sand Springs Ry. Co. v. Cole, Okl., 279 P.2d 938. Therein it is pointed out that where the standard of duty is not fixed, but is variable and shifts with the circumstances of the case, the matter cannot be determined as a matter of law but must be left for the jury to determine. Also see Sprout v. Okla. Ry. Co., 207 Okl. 118, 247 P.2d 972.

The evidence was conflicting as to the distance defendants' bus was stopped from the ramp. The plaintiff's age, stature and obvious physical limitations were matters discernible to the jury by observation. Whether a duty evolved from the circumstances shown to assist plaintiff in alighting from the bus, and whether defendant fulfilled such duty, presented questions determinable by the jury and not matters of law for the trial court. The trial court did not err in overruling defendants' demurrer to the evidence and motion for directed verdict. Sand Springs Ry. Co. v. Cole, supra, and cases therein cited.

Defendants' second proposition claims reversible error inheres in two instructions given by the trial court relative to the nature and extent of the bus driver's duty to assist plaintiff in alighting from the bus.

Instruction No. 11 advised the jury if they found from a preponderance of the evidence the step of the bus was so far from, and in such position as to make stepping from the bus hazardous to passengers attempting to alight, and this condition was known to defendants, then the defendant driver was under a duty to assist plaintiff in alighting from the bus, or to warn of the existence of the dangerous condition, if found to exist.

In substance, Instruction No. 12 told the jury if they believed a fair preponderance of the evidence showed: (1) the step of the bus as parked was at such distance and in a manner to be dangerous or hazardous to passengers when disembarking, and (2) the driver failed to assist plaintiff in alighting from the bus, (3) and failure to assist constituted negligence under conditions existing at the time of the accident, (4) which negligence was the proximate cause of accident and injury, the verdict should be for plaintiff absent a finding of contributory negligence.

The argument as to the asserted error in these instructions is two-fold: (1) there was no evidence in plaintiff's favor indicating any need or want of help from defendant in alighting from the bus, or any duty on defendants' part to assist plaintiff in alighting; (2) the instructions were ambiguous and tended to confuse the jury as to the issues determinative of the rights of the parties.

As authority for the first mentioned argument defendants quote the first two sentences from 14 Am.Jur.(2), Carriers § 1008:

"Ordinarily, and in the absence of any special circumstances, there is no duty resting on a common carrier to assist a passenger in boarding or alighting from its conveyance. At least this is the case where the passenger is in full possession of his faculties, of good health, and able to move about alone, there is nothing defective about the platforms or steps, and the place of stopping presents no special difficulties to those entering or leaving the conveyance. * * *"

However, this rule is qualified by the succeeding paragraph of the text which states that the duty to assist passengers in alighting from a conveyance may arise when the surrounding circumstances are such as to suggest to the carrier's employees

that assistance is necessary. And, whether the circumstances in a particular case may be such as to suggest a need for assisting a passenger to alight is essentially a fact question, to be determined in the light of surrounding circumstances and the character of the hazards presented. The rules stated in the text were discussed at some length in Tulsa Yellow Cab, Taxi & Baggage Co. v. Salomon, 181 Okl. 519, 75 P.2d 197. A number of decisions are reviewed, including the early case of St. Louis & San Francisco Ry. Co. v. Dobyns, 57 Okl. 643, 157 P. 735. In Salomon, supra, the Court quoted this reasoning from Dobyns:

"Whether or not a duty of personal assistance arises in such cases is, as above stated, to be ordinarily determined as a matter of fact, providing there are sufficient facts to raise a question as to the duty of the carrier, or to sustain a verdict against the carrier if the jury should find one. * * * It will be seen that whether or not an exception to the general rule of no duty on the part of the carrier arose or not must be determined from 'the circumstances of the case.' The standard of duty is not fixed, but whether or not a duty existed is ordinarily in a case of this sort a question for the jury."

The second complaint asserts the instructions given are ambiguous, for the reason it is impossible to ascertain whether the court was " * * * instructing the jury as to the height of the step from the bus to the pavement or the distance that the step of the bus is from the landing at the bus station." We are of the opinion the claim of ambiguity lacks substance.

The negligence charged was parking of the bus a distance of two feet from the ramp, and plaintiff's evidence was directed toward proving this fact. No evidence was presented, or relied upon, tending to inject an issue of height of the bus step from the pavement. Neither instruction complained of mentioned any factor other than parking of the bus in a manner, and at such distance from the ramp as to create a

hazardous or dangerous condition for passengers attempting to disembark.

In Lewallen v. Cardwell, Okl., 325 P.2d 1074, error was predicated upon claimed inconsistency in certain instructions. In that case, although recognizing the apparent inconsistency, we pointed out that jurors must be credited with certain powers of perception and understanding which must have been used in perceiving inapplicability of an ostensible inconsistency in the instructions, particularly absent a showing of prejudice. The reasoning is applicable in the present case. The jurors individual and collective powers of understanding and perception undoubtedly were applied in considering the issues, measured by the instructions given.

Judgment affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN and HODGES, JJ., concur.