■ RICHARD C. BLAIR, Individually and as Parent of BOBBY W. BLAIR, Respondent, v BOARD OF EDUCATION OF SHERBURNE-EARLVILLE CENTRAL SCHOOL et al., Appellants. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered June 4, 1981 in Madison County, upon a verdict rendered at Trial Term (Zeller, J.). Plaintiff Richard C. Blair commenced this negligence action individually and as parent of Bobby Wayne Blair against the Board of Education of Sherburne-Earlville Central School and Robert C. Brown, a bus driver employed by the board, as a result of an incident which occurred at approximately 3:00 P.M. on March 9, 1979 as Brown was transporting pupils north toward Earlville from Sherburne on Sherburne-Earlville District Bus No. 72. At that time, Bobby Wayne Blair allegedly sustained permanent serious injuries to his right eye when he was struck in that eye by an object thrown by one of the other passengers on the bus, and plaintiffs assert that these injuries were caused by defendants' negligence in failing to properly supervise and control the activities on the bus. Following a jury trial, a verdict was returned in the amounts of $100,000 in favor of Bobby Wayne Blair and $10,000 in favor of Richard C. Blair, and the trial court set aside the $10,000 verdict as excessive and ordered a new trial unless Richard C. Blair stipulated to accept $2,602.73. The elder Blair so stipulated, and the verdict was accordingly reduced. Additionally, the court denied defendants' motions asserting that the verdict was contrary to the weight of the evidence and excessive, and the instant appeal ensued. Seeking a reversal of the judgment at Trial Term, defendants basically argue that plaintiffs failed to prove at trial the existence of any culpable negligence on the part of defendants. We find their arguments unpersuasive. In his testimony, defendant Brown conceded that his duties as a school bus driver included the maintenance of order on the bus by the prevention of, *inter alia,* tomfoolery and the throwing of things around the bus. Significantly, there is also testimony from several of the passengers on this bus that this kind of activity had been occurring for 15 minutes prior to Bobby Wayne Blair's injury and that defendant Brown took no action to stop it. One witness even testified that she told the bus driver of the unruly activity prior to the injury, but that he paid no attention to her. Under these circumstances, defendants' arguments that the disruptive and dangerous actions of some of the pupils were unanticipated and that defendant

Brown could not have foreseen the danger to his passengers arising from such activity ring hollow, and the jury could reasonably conclude that defendants' negligent supervision of the activity on Bus No. 72 was a proximate cause of Bobby Wayne Blair's injuries. Lastly, considering the alleged excessiveness of the verdict, a contention raised by defendants on oral argument but not in their brief, we find nothing to warrant disturbance of the decision on this issue made by the Trial Judge who was in the best position to rule on the propriety of the size of the verdict and has already reduced the verdict in favor of plaintiff Richard C. Blair. Judgment affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.