887 P.2d 1370 (1994)
Cassandra Pollard COOPER, individually and on behalf of Darshaun Montrell Cooper, a minor, Appellant,
v.
MILLWOOD INDEPENDENT SCHOOL DISTRICT NO. 37, a political subdivision of the State of Oklahoma; James Ester Neal an individual, Appellees, and
Levi Kelly, an individual minor; Levi L. Kelly and Bessie B. Kelly, parents of Levi Kelly, Defendants.
No. 83545.
Court of Appeals of Oklahoma, Division No. 1.
August 2, 1994.
Rehearing Denied August 30, 1994.
Certiorari Denied November 17, 1994.
William D. Watts and Michelle Johnson, Oklahoma City, for appellant.
Bruce A. Robertson, Oklahoma City, for appellees.
Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 1.

*1371 OPINION

HANSEN, Presiding Judge:
Appellant, Cooper, perfects this appeal pursuant to Rule 13(h), Rules for the District *1372 Courts, 12 O.S. 1993 Supp., Ch. 2, App., and Rule 1.203(A), Rules of Appellate Procedure, 12 O.S. 1993 Supp., Ch. 15, App. 2. In compliance with 12 O.S. 1993 § 994(A), the trial court certified that its dismissal of Cooper's claims against Appellees was a final order and that there was no reason for delay although her claims against Defendants Kelly are still pending.
This appeal arises from an action filed in district court against Neal, the driver of a school bus and Millwood Independent School District (Millwood). Cooper, on behalf of her minor son Darshaun, alleged Darshaun suffered a fractured skull and permanent injury to his left eye when Defendant Levi Kelly committed an assault and battery on Darshaun while riding a school bus operated by Appellee Millwood and driven by Neal. She brought her action pursuant to the provisions of the Oklahoma Governmental Tort Claims Act, 51 O.S. 1991 § 151 et seq. (Act) and 42 U.S.C. § 1983.
Upon Appellees' motions, the trial court dismissed Cooper's petition for failure to state a cause of action "for the reasons set forth in (Appellees') briefs." Cooper appeals to this Court. Holding her petition does state a cause of action against Millwood, we reverse in part and remand for further proceedings.
Cooper's petition alleges claims against Millwood for vicarious liability for the acts of and negligent supervision of its employee Neal and also alleges claims under 42 U.S.C. § 1983. Cooper also asserts claims against Neal individually for his negligence, if his acts are determined to be outside the scope of his employment.
The Oklahoma Pleading Code does not require a plaintiff to set out in detail the facts upon which the claims are based. It merely requires a short and plain statement of the claim showing the pleader is entitled to relief. On appellate review, the allegations in the petition are taken as true, and this Court will reverse the dismissal order if assumed facts establish a prima facie case. A petition should not be dismissed for failure to state a cause of action unless it appears beyond a doubt that the appellant can prove no set of facts to support her claims. Bettis v. Brown, 819 P.2d 1381 (Okla. App. 1991).
In its brief in support of its motion to dismiss, Millwood claims it is exempt under several subsections of § 155 of the Act. However, we can not say any of the § 155 exemptions applies to Cooper's claims as a matter of law. Courts do not read immunity into the exemption provisions if they are silent, doubtful or ambiguous as applied to any particular circumstances. Gunn v. Consolidated Rural Water & Sewer, 839 P.2d 1345 (Okla. 1992). The trial court's dismissal can not be upheld on the grounds that Millwood is exempt from suit under § 155.
Millwood also argued in support of its motion to dismiss that it had no legal duty to a student to prevent injury from another student while the student is a passenger on a school bus. There is no question a school district has a duty to provide safe school bus transportation to and from school. 70 O.S. 1991 § 9-101 authorizes school districts to provide transportation for children who live beyond a specified distance from school. Though this is not a mandatory duty, once the responsibility has been assumed by a school district it carries with it a duty to exercise reasonable judgment in providing such transportation. Brooks v. Woods, 640 P.2d 1000 (Okla. App. 1981). In the Brooks decision, the Court of Appeals reversed a judgment of the trial court dismissing the plaintiff's petition. It held the specific allegation in the petition of the school district's duty to provide a reasonably safe bus stop where children may wait for the bus stated a cause of action.[1] As in Brooks, we hold a school district's legal duty to exercise reasonable care extends to any activity of school *1373 bus transportation which lies outside the control of the parents.[2]
Beyond this basic duty is the question of the standard of duty to be applied. Generally the question of the existence of a duty in a negligence case is one of law. Stokes v. Tulsa Public Schools, 875 P.2d 445 (Okla. App. 1994). However, if the standard of duty is not fixed, but is variable and shifts with the circumstances of the case, the matter cannot be determined as a matter of law but must be left for the jury to determine. Lee v. Darden, 421 P.2d 845 (Okla. 1966). In Lee, Plaintiff alleged she was a paying passenger on a bus owned by the corporate defendant. She claimed upon arrival at her destination the bus was parked in a negligent manner leaving two feet between the bus and the loading ramp. In disembarking she fell, sustaining several injuries. Defendants argued that although they were bound to exercise the highest degree of care, they were not insurers of plaintiff's safety. The Supreme Court held that "whether a duty evolved from the circumstances shown to assist plaintiff in alighting from the bus, and whether defendant fulfilled such duty, presented questions determinable by the jury and not matters of law for the trial court."[3]
The degree of care required of a school district and a school bus driver to prevent injury to a student from another student while riding a school bus is a question of first impression in Oklahoma. In Jackson v. Hankinson, 94 N.J. Super. 505, 229 A.2d 267 (1967), the New Jersey Court considered an action for damages for the loss of sight of an eye sustained by a student plaintiff when he was struck by a pellet propelled at him by a fellow pupil on a school bus. That Court held a school bus driver is under a duty to exercise such care as a reasonable person of ordinary prudence would exercise, but the amount of care under that standard might be higher than ordinary if the particular circumstances presented a special hazard. "Whether the defendants conduct displayed the amount of care called for in the special circumstances was for the jury's resolution under the standard of care given it by the judge." Jackson v. Hankinson, at p. 513, 229 A.2d 267.[4]
School bus drivers are required to transport children safely between the school and home and it is a necessary corollary to this duty that they be accorded the concomitant authority to maintain safety on the school bus. The degree of care imposed on school bus drivers, and their authority to maintain safety on the bus, however, is for obvious reasons to be consistent with the practical operation of the bus. Lockett v. Board of Education for School District No. 189, 198 Ill. App.3d 252, 144 Ill.Dec. 536, 555 N.E.2d 1055 (1990).
We recognize a school district may not be held strictly liable for injuries to children riding a school bus. We also recognize a school bus driver's primary attention must be devoted to safe operation of the bus. In operating and driving the bus, the driver must be held to a higher degree of care than to preventing injury to the passengers from other passengers. As in Jackson v. Hankinson, *1374 it seems to us that the rule of care such as a reasonable person of ordinary prudence would exercise under the circumstances is equal to the demands of justice in a school bus case.
Whether Millwood breached its duty of ordinary care depends on the foreseeability of the type of injury complained of in this action. When a special relationship between the parties exists and when the occurrence of harm or damage to one party is foreseeable, a legal duty to control the actions of third persons will be found. Wofford v. Eastern State Hospital, 795 P.2d 516, 519 (Okla. 1990). Other Courts have imposed liability on a school when foreseeable acts of third parties cause harm to students in the school's care. See, Kansas State Bank and Trust Co. v. Specialized Transportation Services, Inc., 249 Kan. 348, 819 P.2d 587 (1991).
Wofford holds it is a question for the Court whether a defendant stands in a special relationship to plaintiff such that the law will impose upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff. In our view the relationship between a school bus driver and the student passengers is a special relationship under Oklahoma law. The students are effectively constrained while on the bus. Under these circumstances there is no way a student being attacked could escape the attack. Depending on the circumstances, where rowdy conditions are present on a school bus it could be foreseeable that one student might injure another.
In her brief, Cooper points out that discovery will reveal the altercation between Levi and Darshaun began as the two boys were boarding the bus and escalated throughout the route. It is foreseeable that uncontrolled or undisciplined children could easily injure each other. It is not necessary that Millwood foresee with precision the injury which resulted from Neal's act, or the concurrent cause of Cooper's injury. Lockett v. Board of Education for School District No. 189, supra. Whether Darshaun's injuries were foreseeable is a question of fact for the jury. Union Bank of Tucson, Arizona v. Griffin, 771 P.2d 219 (Okla. 1989).
The next issue involves who may be held liable for Darshaun's injuries under the Act. Section 163(C) of the Act provides:
Suits instituted pursuant to the provisions of this act shall name as defendant the state or the political subdivision against which liability is sought to be established. In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant ... .
Section 152(9) of the Act defines scope of employment as performance by an employee acting in good faith within the duties of his office or employment or of tasks lawfully assigned by a competent authority. Although employees of the state are protected from tort liability while performing within the scope of their employment, such protection does not render such employees immune from liability for willful and wanton negligence or other conduct which places the employees outside the scope of their employment. Holman v. Wheeler, 677 P.2d 645 (Okla. 1983).
Cooper's Petition alleges Neal had certain duties "[a]s driver of School Bus No. 8", and that he breached his duties to Darshaun by:
a. failing to control conduct of Levi and other students on the school bus;
b. allowing students to fight and be otherwise disruptive on the school bus;
c. allowing a chaotic atmosphere to persist on the bus;
d. failing to follow Millwood's written policies concerning proper operation of the school bus; and
e. failing to stop the bus and assist Darshaun following the incident leading to Plaintiffs' injuries.
Cooper's Petition clearly links Neal's legal duties, and the alleged breach of those *1375 duties to Neal's operation of Millwood's bus. If the evidence shows Neal was acting within the scope of his employment, then under the Act Millwood may be held vicariously liable or independently liable for its acts of omission and its failure to supervise.
However, no claim arising from the performance of his duties may be made against Neal individually, because "scope of employment" claims against employees are prohibited by § 163(C) of the Act. Further, if Neal's alleged omissions were found to have been outside the scope of employment, a negligence claim against him individually would fail because Neal had no duty to act in the preservation of Darshaun's person in the absence of a "special relationship". Wofford v. Eastern State Hospital, 795 P.2d at 519.[5] As the claims are alleged in Cooper's Petition, that "special relationship" would derive only from Neal's duties as bus driver, and would again bring Neal within the exception of § 163(C).
Cooper's allegation under § 1983 are summarized as follows:
1. Millwood's officials, employees, policy makers and decision makers, including but not limited to Neal, had notice of the dangerous conditions which existed on the school buses caused by disruptive and violent students.
2. Acting under color of state law, Millwood's officials followed a course of deliberate indifference and reckless disregard of the known dangerous conditions at Millwood's schools and on Millwood's school buses.
3. Millwood's officials' acts of deliberate indifference and reckless disregard of the known dangerous conditions caused Darshaun's injuries and deprived Darshaun of the rights and privileges afforded to him by the United States Constitution and § 1983.
Section 1983 creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere. McLin v. Trimble, 795 P.2d 1035 (Okla. 1990). Section 1983 provides:
Every person who, under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...
Appellees rely on DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) which considered a § 1983 claim. In DeShaney, the United States Supreme Court held, absent circumstances of confinement, a state has no constitutional duty to protect a child from a private actor. Although Cooper suggests confinement on a school bus meets the DeShaney guidelines, Cooper emphasizes her § 1983 claims are based on the independent liability of policymakers for policies or customs chosen or recklessly maintained.
In Stoneking v. Bradford Area School District, 882 F.2d 720 (3rd Cir.1989), on remand from the United States Supreme Court, which vacated an earlier judgment and remanded for further consideration in light of DeShaney, the Circuit Court held a former student could maintain a civil rights action against school officials for establishing and maintaining, with alleged "deliberate indifference"[6] to the consequences, a policy, practice *1376 or custom of failing to take action with respect to complaints of sexual misconduct by a teacher which allegedly directly caused a former student constitutional harm. In Stoneking, Defendants argued that Stoneking's emphasis on the fact that the perpetrator was an agent and employee of the school district is merely an assertion of respondeat superior which may not be a basis for a § 1983 action.[7]
The Stoneking Court noted nothing in DeShaney suggests that state officials may escape liability arising from their policies maintained in deliberate indifference to actions taken by their subordinates. The Court stated:
This is an independent basis for liability previously pled and preserved by Stoneking which is unrelated to the issue decided in DeShaney. Liability of municipal policymakers for policies or customs chosen or recklessly maintained is not dependent upon the existence of a "special relationship" between the municipal officials and the individuals harmed. See Bordanaro v. McLeod, 871 F.2d 1151 (1st Cir.1989), petition for cert. filed, 57 U.S.L.W. 3843 (U.S. June 18, 1989) (No. 88-2036) (liability against police chief and mayor for unauthorized action of police officers in forcing entry into bar and beating patrons based on the police officials' constructive knowledge of custom and deficient policies in recruitment and training).
Thus, to the extent that the Supreme Court's remand of this case in light of DeShaney required us to consider whether Stoneking still may maintain a viable section 1983 claim if there is no predicate duty by defendants to protect her, we hold that she may because she has also alleged that defendants, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused her constitutional harm.
This is the view espoused in Pagano v. Massapequa Public Schools, 714 F. Supp. 641 (E.D.N.Y. 1989), wherein an elementary student brought a § 1983 action against a school and its officials to recover for the official's failure to prevent continuing attacks and abuse by other students. The Court held the petition stated a claim even though § 1983 claims only apply to deliberate, not merely negligent deprivations of constitutional rights. It stated: "However, plaintiff alleges more than a single act of negligence on the part of defendants. Plaintiff alleges seventeen separate incidents and thus defendants' failure to take preventative action, repeated negligence, may be considered to rise to the level of deliberate indifference to an affirmative duty." The Court considered elementary school students who are required to attend school, to be owed some duty of care by the defendants which may or may not rise to the level required in the circumstances. As here, the Court found Plaintiff has certainly stated a sufficient claim to withstand a motion to dismiss at this time.
Because Cooper's allegations accommodate a host of scenarios, some of which could be actionable, we cannot conclusively rule, as a matter of law and on the basis of Cooper's petition alone, that the petition does not state a cause of action against Millwood. Hulsey v. Mid-America Preferred Insurance Company, 777 P.2d 932 (Okla. 1989).
We do find Cooper could prove no set of facts to support her claims against Neal. Neal may not be named as a defendant under the Act, and had no common law duty in his individual capacity. Also, notwithstanding Cooper's assertions to the contrary, Neal is not named as a defendant under Cooper's 42 U.S.C. § 1983 claim. That claim alleges "Millwood is liable for the acts of Millwood's officials which are Millwood's agents", but omits any allegation of § 1983 liability with respect to Neal.
*1377 Accordingly, we affirm the trial court's dismissal as to Neal, but reverse and remand with directions to the trial court to overrule Millwood's motion to dismiss.[8]
AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THE VIEWS EXPRESSED HEREIN.
CARL B. JONES and BAILEY, JJ., concur.
NOTES
[1] Cf. Stokes v. Tulsa Public Schools, 875 P.2d 445 (Okla. App. 1994) where the Court of Appeals held the Tulsa School District had no duty to have a school bus stop on the side of the street where each child lives.
[2] See, Brantly v. Dade County School Board, 493 So.2d 471 (Fla.App. 1986), where the Court considered a case in which a student, while walking beside a school bus, was struck in the face by a student aboard the bus. The court found any duty owed by the driver to supervise students on the bus was also owed by the school board, which had a duty to protect health and safety of students using school buses through its interest in care and well-being of students, and which was therefore a proper defendant in an action for the driver's alleged negligence.
[3] Also see Sand Springs Ry. Co. v. Cole, 279 P.2d 938 (Okla. 1955).
[4] In Kasparek v. Collins, 227 Pa.Super. 41, 323 A.2d 17 (1974), and Van Cleave v. Illini Coach Co., 344 Ill. App. 127, 100 N.E.2d 398 (1951) the court held a school bus company was held to the highest degree of care to passengers riding on the bus. In Eason v. Crews, 88 Ga. App. 602, 77 S.E.2d 245 (1953) the Court held a school bus is a common carrier, and as such the operator of the bus transporting children to and from school has a duty to exercise extraordinary care for the safety of the passengers. Also see Blair v. Board of Education of Sherburne-Earlville Central School et al., 86 A.D.2d 933, 448 N.Y.S.2d 566 (1982); Broward County School Board v. Ruiz 493 So.2d 474 (Fla.App. 1986).
[5] Also see, Tarasoff v. Regents of University of California, 17 Cal.3d 425, 131 Cal. Rptr. 14, 551 P.2d 334 (1976), where the California Supreme Court held that when the avoidance of foreseeable harm requires a defendant to control the conduct of another person, the common law has traditionally imposed liability only if the defendant bears some special relationship to the dangerous person or to the potential victim.
[6] See, Seiler v. City of Bethany, 746 P.2d 699 (Okla. App. 1987) wherein the Court of Appeals applied the "deliberate indifference" standard to establish liability on the part of a municipality for a detainee's jail suicide pursuant to § 1983.
[7] Also see, Lopez v. Houston Independent School District, 817 F.2d 351 (5th Cir.1987) (Neither school district nor supervisory officials could be held liable on a respondent superior theory under § 1983 for actions of school bus driver.)
[8] Although not argued below, the trial court's attention is called to Wilhelm v. Gray, 766 P.2d 1357 (Okla. 1988).