**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 17 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

LESLIE CROSS; TERESA WILLS,

Plaintiffs-Appellants,

v.

PAULINE CROSS,

Defendant-Appellee,

and

MARSHALL CROSS,

Defendant.

No. 99-6326
(D.C. No. CIV-98-1182-P)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **McKAY** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiffs Lesley Cross and her mother, Teresa Wills, brought this diversity tort action against Lesley's paternal grandparents, Marshall and Pauline Cross, based on the sexual molestation of Lesley during her childhood by Marshall Cross.  Plaintiffs asserted that Lesley's grandmother negligently failed to protect her from her grandfather.  The magistrate judge granted summary judgment in favor of Pauline Cross, [1] finding that she had no actual or constructive knowledge of the abuse to trigger her duty toward Lesley, until after criminal charges were filed against Marshall Cross.  Plaintiffs appeal.  We have jurisdiction under 28 U.S.C. §§ 1291 and 1332(a). [2]

On appeal, plaintiffs argue that the magistrate judge:  (1) improperly weighed evidence rather than determining whether there existed a genuine issue of material fact to be tried; and (2) incorrectly applied a strict evidentiary standard for hearsay when considering the materials plaintiffs submitted in

---

[1]    The magistrate judge entered the disposition by consent of the parties. See 28 U.S.C. § 636(c)(1).

[2]    On October 26, 1999, the magistrate judge entered a certification under Fed. R. Civ. P. 54(b) as to unadjudicated claims against Marshall Cross. Therefore, plaintiffs' premature notice of appeal ripened on October 26, 1999. See Lewis v. B.F. Goodrich Co.   , 850 F.2d 641, 645 (10th Cir. 1988).

-2-

response to Pauline Cross's motion for summary judgment, because the material falls within the residual exception to the hearsay rule.

We review the grant of summary judgment de novo, applying the same standard as the district court under Fed. R. Civ. P. 56(c). See Deboard v. Sunshine Mining & Ref. Co., Nos. 97-6226, 97-6249, 98-6020, 2000 WL 350129, at *7 (10th Cir. Apr. 5, 2000). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c). We review the district court's evidentiary rulings for abuse of discretion. See Cartier v. Jackson, 59 F.3d 1046, 1048 (10th Cir. 1995). Under this standard, a trial court's rulings "will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." United States v. Ortiz, 804 F.2d 1161, 1164 n.2 (10th Cir. 1986).

The magistrate judge noted that, under Oklahoma law, "'[w]hen a special relationship between the parties exists and when the occurrence of harm or damage to one party is foreseeable, a legal duty to control the actions of third persons will be found.'" Appellants' App. at 310 (quoting Cooper v. Millwood Indep. Sch. Dist. No. 37, 887 P.2d 1370, 1374 (Okla. Ct. App. 1994)).

Consequently, the magistrate judge found that defendant Pauline Cross, as Lesley's grandmother, was in a special relationship with Lesley and had a duty to protect Lesley if she knew or should have known that her husband was a pedophile. See id. The magistrate judge thoroughly reviewed the evidence of what various family members knew or suspected about Marshall Cross's behavior, and found that there was no evidence from which a reasonably jury could conclude that Pauline Cross knew or should have known that Marshall Cross molested Lesley, until after criminal charges were filed against him. See id. at 311-17. The magistrate judge also considered hearsay testimony that Pauline Cross knew that her daughter, Lisa Cross Johnson, had said that Marshall Cross once looked at her through the bathroom window while she was taking a bath. See id. at 318; see also id. at 268-69. The magistrate judge found that this evidence could not support an inference that Pauline Cross knew or should have known about Marshall Cross's pedophilic behavior because there was nothing from which to infer that Marshall Cross had any sexual contact with Lisa. See id. at 318. Finally, the magistrate judge found that evidence that Lesley Cross and one of the other grandchildren exhibited reluctance to visit their grandparents' home and sit on Marshall Cross's lap did not create a triable issue concerning Pauline Cross's knowledge of Marshall Cross's concededly surreptitious behavior

because there are many reasons why grandchildren might exhibit such reluctance. See id. at 317, 319.

We have reviewed the magistrate judge's decision, the parties' briefs on appeal and the record. We find no error, and affirm for substantially the same reasons as those set out in the magistrate judge's July 27, 1999 decision.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge