2016 OK CIV APP 57

Aaron Lee BENSHOOF,
Plaintiff/Appellant,

v.

Jerry NILES and [John] Marcus,
Defendants/Appellees,

and

Garfield County Commissioners, Sheriff
Dept., and Detention Center,
Defendants.

Case No. 114,239

Court of Civil Appeals of Oklahoma,
Division No. 4.

FILED JULY 19, 2016

Mandate Issued: 09/14/2016

Aaron Lee Benshoof, Oklahoma City, Oklahoma, Pro Se

Jordan L. Miller, COLLINS, ZORN, & WAGNER, P.C., Oklahoma City, Oklahoma, for Defendants/Appellees

OPINION BY JANE P. WISEMAN, PRESIDING JUDGE:

¶1 Plaintiff Aaron Lee Benshoof appeals the trial court's order granting a motion to dismiss filed by Defendants Jerry Niles and John Markus.[1] We consider this appeal according to Supreme Court Rule 1.36, 12 O.S. Supp. 2015, ch. 15, app. 1, without appellate briefing. After review, we affirm in part and reverse in part and remand for further proceedings.[2]

## FACTS AND PROCEDURAL BACKGROUND

¶2 Plaintiff alleges "Garfield County [Commissioners]," Sheriff's Department, "Detention Center," Jerry Niles, as the Sheriff of Garfield County, and John Markus, as the shift supervisor and booking officer at the county detention center at Plaintiff's arrest, provided inaccurate information to OK Jailbirds causing it to publish his mugshot with the charge of first degree burglary below his picture instead of "failure to appear" in court.[3] As described in our previous opinion in a case Plaintiff filed against OK Jailbirds, LLC, and Phillip Deisher, its owner,[4] arising from the same events, " 'OK Jailbirds receives public information and data from local law enforcement agencies, including but not limited to booking information, booking photographs, names, and a description of the charges under which persons are being booked by local law enforcement agencies.' "

¶3 Plaintiff claims that when Defendants provided OK Jailbirds with false information which was subsequently published, they committed libel per se and libel per quod. Plain-

---

1. In their motion to dismiss, Defendants identify "Marcus" as John Markus, so we will refer to him by his proper name in this Opinion.

2. This Court has no jurisdiction over Plaintiff's "Motion to Retain" or his "Petition for Certiorari" filed after this accelerated appeal was assigned to this Court, and these will not be addressed. Also, to the extent Plaintiff has filed additional documents on appeal (two "Affidavits" and an "Addendum") containing evidence not previously presented to the trial court, we cannot consider them on appeal. Supreme Court Rule 1.36(c)(B)(3), 12 O.S. Supp. 2015, ch. 15, app. 1 ("The record on appeal will stand limited to.... In appeals from final orders on motions to dismiss ... the instruments upon which the dismissal rested."). Plaintiff's "Request of Sanction [f]or Criminal Perjury" is also denied.

3. According to the docket sheet, Garfield County Commissioners, Garfield County Detention Center, and Garfield County Sheriff's Department were dismissed on August 20, 2015. According to Defendants, Plaintiff advised the trial court that he was voluntarily dismissing these parties. They are not part of this appeal.

4. See Aaron Lee Benshoof v. OK Jail Birds, LLC, and Phillip Deisher, Case No. 113,205, issued August 7, 2015.

tiff contends Defendants' actions have caused him "loss of friends, being questioned in humility [sic] by just about everybody in society.... [d]eath threats have even occurred, loss of potential job opportunities in the community, as well as several other social complications." He further alleged that Defendants have caused this libelous publication to be made five times despite being "repeatedly begged to stop both formally and informally," and this conduct "displays their subjective intent for malice." Plaintiff seeks actual damages for libel and punitive damages for Defendants' "recklessness, malice, and deliberate indifference."

¶ 4 Defendants filed a motion to dismiss arguing in part that Plaintiff failed to state a claim on which relief could be granted because they are immune from liability in their official capacities pursuant to the Oklahoma Governmental Tort Claims Act. Asserting Plaintiff has no claim against them in their individual capacities, Defendants argue that he cannot recover for libel when the information was disseminated pursuant to the Oklahoma Open Records Act. Defendants stated that "the Garfield County Detention Center has a legal obligation to provide this sort of relevant inmate information to requesting parties, including the news media." As a result, "[t]he release and publication of such material is absolutely privileged and, thus, cannot constitute a valid basis for Plaintiff's claims against Defendants Markus or Niles in their individual capacities." Defendants further argued Plaintiff's action is barred by the statute of limitations.

¶ 5 According to Defendants, if Plaintiff alleges they are acting outside the scope of their employment, the general statute of limitations for his libel claim expired pursuant to 12 O.S.2011 § 95(A)(4), which requires the action to be brought within one year of the date of publication. Defendants also asserted Plaintiff failed to state a claim for a "mandatory injunction" and cannot maintain a claim for punitive damages.

¶ 6 Plaintiff responded arguing that he properly stated a claim against Defendants and stated a claim for a mandatory injunction and that his claims are not barred by the statute of limitations.

¶ 7 The trial court denied Defendants' motion to dismiss finding:

This court takes judicial notice of the records of the Court Clerk of Garfield County. Plaintiff was charged with First Degree Burglary in case # CF-11-675, Count 1. That charge was subsequently dismissed without costs on April 13, 2013. The photo of Mr. Benshoof in the April 2014 publication is obviously a more recent picture than the one published in November 2011. Although Mr. Benshoof has been charged and convicted of other lesser crimes, this court cannot locate any additional charges of First Degree Burglary. Thus, it appears that Jailbirds obtained information from the Garfield County Sheriff about Mr. Benshoof on more than one occasion.

. . . .

Even though the First Degree Burglary charge was dismissed, Mr. Benshoof's photo was published in a manner that would lead an ordinary person to conclude that Mr. Benshoof had committed the crime of First Degree Burglary in 2013 or 2014. If that occurred, it could be false and defamatory. . . . .

If [P]laintiff's photo was released by the Sheriff in such a manner to cause the public to believe [P]laintiff was convicted of the major felony of First Degree Burglary in 2013 or 2014, Plaintiff may have a valid claim against Jerry Niles and/or John Markus.

The trial court concluded Plaintiff appeared to have timely filed his claims within the statute of limitations and the court could not "conclude without a doubt that Plaintiff cannot prove a set of facts in support of his claim for relief."

¶ 8 Defendants subsequently filed another motion to dismiss pursuant to the Oklahoma Citizens Participation Act, 12 O.S. Supp. 2014 §§ 1430–1440, to which Plaintiff responded.

¶ 9 Defendants also filed a motion to reconsider the trial court's ruling on their one-year statute of limitations defense to the libel claim, arguing the trial court did not use the correct date of publication in its order. Plaintiff filed a response.

¶ 10 The trial court sustained Defendants' second motion to dismiss finding:

Plaintiff contends the Garfield County Sheriff wrongfully provided his mug shot to the publisher of the OK Jailbirds, LLC for repeated publication. He complains that OK Jailbirds, LLC continues to publish his photo repeatedly in the Jailbirds publication with the heading "First Degree Burglary". In support of his claim, he attaches his photo (presumably taken in 2011) with the caption "first degree burglary" published in Jailbirds in November 2011 and a more recent photo with the same caption published in April 2014. His action is based in libel.

Defendants have attached affidavits of Jerry Niles and John [Markus] showing they were acting within the scope of their authority and pursuant to the [O]pen [R]ecords [A]ct (51 O.S. 24A.5 & 24A.8) in providing information to Jailbirds; which Plaintiff has failed to controvert. There is no showing that either Niles or [Markus] participated in the manner it was published by Jailbirds.

Defendants acted within their authority and pursuant to the Open Records Act. Plaintiff's action against Jerry Niles and John [Markus] is dismissed. There being no defendants remaining, this matter is dismissed, the subpoena duces tecum issued to Phillip Deisher is quashed, and the remaining motions are moot.

¶ 11 Plaintiff appeals this order.

## STANDARD OF REVIEW

¶ 12 Our review of a motion to dismiss involves *de novo* consideration of whether the petition is legally sufficient. *Fanning v. Brown*, 2004 OK 7, ¶ 4, 85 P.3d 841. In *May v. Mid–Century Insurance Company*, 2006 OK 100, 151 P.3d 132, the Oklahoma Supreme Court clearly articulated this standard:

Motions to dismiss are generally viewed with disfavor. The purpose of a motion to dismiss is to test the law that governs the claim (in litigation), not the underlying facts. A motion to dismiss for failure to state a claim upon which relief may be granted will not be sustained unless it should appear without doubt that the plaintiff can prove no set of facts in support of the claim for relief. The court, when considering a defendant's quest for dismissal, must take as true all of the challenged pleading's allegations together with all reasonable inferences that may be drawn from them. A plaintiff is required neither to identify a specific theory of recovery nor to set out the correct remedy or relief to which he may be entitled. If relief is possible under any set of facts which can be established and is consistent with the allegations, a motion to dismiss should be denied.

*Id.* ¶ 10 (footnotes omitted).

 ¶ 13 *De novo* review requires independent, plenary, and non-deferential examination of the trial court's rulings of law. *In re Estate of Bell–Levine*, 2012 OK 112, ¶ 5, 293 P.3d 964.

## ANALYSIS

 ¶ 14 We first note Defendants incorporated by reference in their second motion to dismiss all their arguments from their first motion to dismiss. One of those arguments briefed at length was that pursuant to Oklahoma's Governmental Tort Claims Act (GTCA), 51 O.S.2011 and Supp. 2015 §§ 151–258, Defendants could not be sued as individuals for acts performed in their official capacities. "The GTCA is the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort." *Tuffy's, Inc. v. City of Oklahoma City*, 2009 OK 4, ¶ 7, 212 P.3d 1158. Title 51 O.S.2011 § 152.1(A) states: "The State of Oklahoma does hereby adopt the doctrine of sovereign immunity. The state, its political subdivisions, and *all of their employees acting within the scope of their employment*, whether performing governmental or proprietary functions, *shall be immune from liability for torts.*" (Emphasis added.)

 ¶ 15 "Governmental accountability is extended to torts for which a private person would be liable, unless they are committed outside of the course and scope of employment or unless they are committed in

bad faith or in a malicious manner." *Tuffy's*, 2009 OK 4, ¶ 7, 212 P.3d 1158. " 'Scope of employment' is defined as performance by an employee acting in good faith within the duties of his office or employment or of tasks lawfully assigned by a competent authority."[5] *Id.* ¶ 8.

¶ 16 Plaintiff in his petition seeks recovery from Defendants in both their individual and official capacities. Defendants, as the Garfield County Sheriff (Niles) and a shift supervisor for the detention center (Markus), are county employees and are immunized under the GTCA from liability while acting in their official capacities within the scope of employment. *See Washington v. Barry*, 2002 OK 45, ¶ 8, 55 P.3d 1036 ("The prison employee defendants are expressly immunized from liability while acting within the scope of their employment."). When Plaintiff sues Defendants in their official capacities, "[s]uit against a government officer in his or her official capacity is actually a suit against the entity that the officer represents and is an attempt to impose liability upon the governmental entity." *Speight v. Presley*, 2008 OK 99, ¶ 20, 203 P.3d 173. Under such circumstances, the governmental entity "shall be named as defendant, and in no instance shall an employee acting within the scope of employment be named as a defendant." *Id.; see also* 51 O.S. Supp. 2015 § 163(C). "Designating an employee in his or her official capacity as a named defendant for this type of claim is improper under the GTCA." *Speight*, 2008 OK 99, ¶ 20, 203 P.3d 173. In pursuit of the aims of the GTCA, "[a]n employee of a political subdivision is relieved from private liability for tortious conduct committed within the scope of employment." *Tuffy's*, 2009 OK 4, ¶ 8, 212 P.3d 1158; *see also* 51 O.S. Supp. 2015 § 163(C).

¶ 17 In his petition, Plaintiff states:

Moreover, it is simply a procedural rule and protocol for the defendants to give rise to the fact that the arrest and detainment was for "Failure to Appear", thus not new criminal charging and the head sheriffs of five (5) other counties in Oklahoma concurred this fact as statutorily adopted edicts for booking. These mentioned sheriffs simply stated in plain English verbatim: "Garfield County is not doing something right, they have to clarify that the detainment was for what ever the warrant stated, in your case, failure to appear, and not the original charge so that it looks like a new charge." ... Plaintiff also spoke with the Oklahoma Sheriff's Association ... and they concurred the fact that "Failure to Appear" must be entered into the O.T.I.S. [*sic*] System.[6]

(Emphasis omitted.) In his notice of tort claim attached to his petition, Plaintiff states:

Jerry Niles refuses to train, supervise, and punish his detention center staff, though asked verbally at the court house, by phone call, by lawsuit, and verbally at time of booking. Jerry Niles not only refuses to act in the face of such acts of his understaff, but he has welcomed the offensive practice and shown an acquiesement [*sic*] for it as displayed here-in (MALICE). Jerry Niles falls under respondeat superior doctrine. Niles absolutely refuses to act in the face of such and is culpable. (ATTACHMENTS: displays Niles listed in a civil suit for this same practice. Jerry Niles supervision is calloused, reckless, and deliberately indifferent to others social health.)

(Emphasis omitted.)

¶ 18 The question is whether Plaintiff's allegations are legally sufficient to withstand a motion to dismiss. Such a motion should be granted if "the allegations indicate beyond any doubt that [Plaintiff] can prove no set of

---

5. Although this definition remains substantially the same, it is currently codified at 51 O.S. Supp. 2015 § 152(12) stating as follows: " 'Scope of employment' means performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority including the operation or use of an agency vehicle or equipment with actual or implied consent of the supervisor of the employee, but shall not include corruption or fraud."

6. Plaintiff states on appeal that his assertion in his petition regarding these statements that he attributes to five sheriffs and someone with the Oklahoma Sheriffs' Association should be "construed as an affidavit" to contravene Defendants' affidavits. We decline to do so. *See infra.*

facts which would entitle him to relief" on his libel-based action. *Frazier v. Bryan Mem'l Hosp. Auth.*, 1989 OK 73, ¶ 13, 775 P.2d 281. "The party moving for dismissal bears the burden of proof." *Simonson v. Schaefer*, 2013 OK 25, ¶ 3, 301 P.3d 413.

■ ¶ 19 As a general matter, "a petition may be dismissed as a matter of law for two reasons: (1) lack of any cognizable legal theory, or (2) insufficient facts under a cognizable legal theory." *Indiana Nat'l Bank v. State Dep't of Human Servs.*, 1994 OK 98, ¶ 4, 880 P.2d 371. When a trial court considers a 12 O.S. § 2012(B)(6) motion, the court should ask "whether relief is possible under any set of facts that could be established consistent with the allegations." *Indiana Nat'l Bank*, 1994 OK 98, ¶ 4, 880 P.2d 371.

¶ 20 In our review of this motion to dismiss, we accept the allegations of the petition as true and we construe them in the light most favorable to Plaintiff. *Id.* 3. We also "take as true all of the challenged pleading's allegations together with all reasonable inferences that may be drawn from them." *May v. Mid–Century Ins. Co.*, 2006 OK 100, ¶ 10, 151 P.3d 132.

¶ 21 In doing so, we conclude Defendants' motion to dismiss is well-taken in part. To the degree Plaintiff alleges that Defendants were acting on behalf of their employer performing duties within the scope of their employment (for instance, Plaintiff's reference to *respondeat superior*), they cannot as a matter of law pursuant to the GTCA be held liable for tortious actions within the scope of that employment. If Plaintiff claims Defendants are liable for actions they took in fulfilling their official duties, GTCA immunity applies. Plaintiff cannot recover against Defendants on any claims for tortious conduct in their official capacities, and the trial court's dismissal as to such claims of tortious

conduct within the scope of their employment was correct.[7]

■ ¶ 22 We reiterate that "[g]overnmental accountability is extended to torts for which a private person would be liable, unless they are committed outside of the course and scope of employment or unless they are committed in bad faith or in a malicious manner." *Tuffy's*, 2009 OK 4, ¶ 7, 212 P.3d 1158. "Although employees of the state are protected from tort liability while performing within the scope of their employment, such protection does not render such employees immune from liability for willful and wanton negligence or other conduct which places the employees outside the scope of their employment." *Cooper v. Millwood Indep. Sch. Dist. No. 37*, 1994 OK CIV APP 114, ¶ 16, 887 P.2d 1370.

¶ 23 Plaintiff's petition asserts that Defendants continued to provide his photo with incorrect arrest information for repeated publication by OK Jailbirds despite Plaintiff's repeated requests to desist. In testing this motion to dismiss, we accept these allegations as true together with all reasonable inferences to be drawn from them. *May*, 2006 OK 100, ¶ 10, 151 P.3d 132. Because this appeal comes to us in the pleading stage,[8] we conclude it was error to sustain the motion to dismiss as to all claims. Plaintiff has stated a claim for relief against Defendants individually based on conduct that, if proven, could be found to have been committed outside the scope of their employment. The motion to dismiss was granted in error as to these claims against Defendants individually, and the order of dismissal is reversed and remanded for further proceedings as to these claims.

¶ 24 Based on our disposition of this appeal, we do not address the application of the OCPA or Defendants' statute of limitations argument.[9]

---

7. Although Defendants represent in their July 22, 2015, motion to reconsider that Plaintiff stated to the trial court at a previous hearing that he was dismissing any claims against defendants Niles and Markus in their official capacities, no such voluntary dismissal appears in the record.

8. The trial court's consideration of Defendants' affidavits in deciding this motion to dismiss was improper. They were attached, not to the original

motion, but to Defendants' reply brief. Although Plaintiff filed an objection to the reply asking the court to strike the reply or construe it as a motion for summary judgment, the trial court did not rule on these objections.

9. The trial court's order does not appear to address either of these contentions.

## CONCLUSION

¶ 25 For the reasons stated, the trial court's order of dismissal is affirmed in part and reversed in part and remanded for further proceedings.

¶ 26 **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**

GOODMAN, C.J., and FISCHER, J., concur.