2008 OK 99

Jaquita SPEIGHT and Ricky
Speight, Appellants,

v.

Patricia PRESLEY, Oklahoma County
Court Clerk, and Oklahoma County
Commissioners, Appellees.

No. 105,590.

Supreme Court of Oklahoma.

Nov. 10, 2008.

Curtis W. Bussett, Oklahoma City, OK, for Appellants.

John M. Jacobsen, Oklahoma County District Attorney's Office, and Timothy E. Rhodes, Chief Deputy Court Clerk, Oklahoma City, OK, for Appellees.

HARGRAVE, J.

¶ 1 Plaintiffs brought an action pursuant to the Oklahoma Governmental Tort Claims Act, against the Oklahoma County Court Clerk (Clerk), alleging negligent maintenance of court files that led to the issuance of a warrant for his arrest, and against Oklahoma County, by and through the Board of County Commissioners, for Oklahoma County (Board), as Clerk's employer. The trial court granted summary judgment in favor of both defendants and plaintiffs appealed. We granted the motion to retain the case. A previous opinion of this Court, *North Side State Bank v. Board of County Commissioners of Tulsa County*, 1994 OK 34, 894 P.2d 1046, is dispositive of this case. *North Side State Bank* holds that when the court clerk is performing ministerial duties as an arm of the court, the Board does not stand in an agency relationship with the court clerk and, thus, is not liable under the doctrine of respondeat superior.

¶ 2 The following background is taken from the petition and the evidentiary materials submitted. Ricky Speight was issued traffic Citation No. 38869 on March 21, 2003, for speeding. Speight pled nolo contendere and paid the citation at Clerk's office on April 18, 2003. Clerk's office entered the traffic citation number into the computerized Oklahoma Court Information System (OCIS) and Case No. TR–2003–8355 was generated. The docket in that case shows payment of the fine and that the case was closed on April 18.

¶ 3 On April 29, 2003, Citation No. 38869, endorsed by the District Attorney's office with probable cause for filing, was filed in Clerk's office and Case No. TR–2003–9177 was generated. Payment of the fine was not shown in that case and a bench warrant was issued April 7, 2004, for Speight's failure to appear. On September 6, 2005, Speight was arrested and detained by the Edmond police.

¶ 4 Speight and his spouse sued Clerk for negligent maintenance of court files, alleging

that the Clerk's office negligently duplicated the traffic citation in the court system, resulting in the issuance of an unlawful warrant for Speight's arrest and detention. Plaintiffs sued Oklahoma County, by and though the Board of County Commissioners, as a political subdivision of the State of Oklahoma and as the employer of Clerk, alleging that Board is responsible for supervising and instituting policies and procedures that govern the management of the court clerk's office.

¶ 5 Ricky Speight sought damages for mental and physical distress and embarrassment and for expenses incurred due to impounding of his car. His spouse pled emotional and physical distress and embarrassment over her husband's wrongful arrest and detention and suffered time away from work and unnecessary expenses in relation to the impounding of the car. Plaintiffs also pled a cause of action sounding in 42 U.S.C. § 1983, alleging a pattern of negligent maintenance of files in the clerk's office which led to the wrongful arrest of individuals in Oklahoma City.[1] They alleged that clerk's office was grossly negligent by being aware of the wrongful duplications and failing to take proper action to correct the problem. They alleged that Board either knew or should have known of the negligent mismanagement of court files by Clerk's office and that Board failed to take action to correct the improper activity and institute policies to protect the citizens of Oklahoma. Plaintiffs sought damages and punitive damages against both defendants. Plaintiffs recited compliance with Oklahoma's Governmental Tort Claims Act (GTCA), 51 O.S.2001 § 156.

¶ 6 Clerk filed a Special Appearance and Motion to Dismiss pursuant to 12 O.S.

§ 2012(B)(6) for failure to state a claim, based on exemption from liability under the GTCA and sought dismissal of the 42 U.S.C. § 1983 claim. Board filed a partial motion to dismiss and answer to the petition. Board sought dismissal of plaintiffs' punitive damages claim because punitive damages cannot be awarded against a political subdivision, citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

¶ 7 By order dated November 3, 2006, the trial court granted Clerk's motion to dismiss the 42 U.S.C. § 1983 claim, and gave plaintiffs twenty days to amend the petition.[2] The court granted Clerk's motion to dismiss her in her individual capacity. The court denied Clerk's motion to dismiss plaintiffs' negligence claims under the GTCA. No appeal was taken from the rulings on the motions to dismiss. Plaintiffs withdrew their punitive damages claim against Board.

¶ 8 Clerk filed a motion for summary judgment on October 18, 2007, and Board filed a motion for summary judgment on November 1, 2007, both motions alleging that defendants are entitled to judgment as a matter of law based on Clerk's exemption from liability under the GTCA: 51 O.S. § 155(2), because the loss or claim resulted from the performance of judicial or quasi-judicial functions; § 155(3) because the loss or claim resulted from the execution or enforcement of the lawful orders of a court; and § 155(29) because the loss or claim resulted from acts or omissions done in conformance with then-current recognized standards, specifically Clerk's utilization of the Oklahoma Supreme Court Information System as required by statute.[3] Board states that it is not authorized to or responsible for inputting data into

---

1. Title 42 U.S.C. § 1983 provides for a civil action against any person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes any person to be subjected to the deprivation of any rights, privileges or immunities secured by the Constitution and laws.

2. Plaintiffs' Response to Clerk's Motion for Summary Judgment, footnote 1, page 7, states that Plaintiffs did not issue an amended petition because the court dismissed Clerk in her individual capacity.

3. 51 O.S. Supp.2007 § 155. Exemptions from liability.

The state or a political subdivision shall not be liable if a loss or claim results from:
* * *
2. Judicial, quasi-judicial or prosecutorial functions;
3. Execution or enforcement of the lawful orders of any court;
* * *
29. Acts or omissions done in conformance with then current recognized standards.

the Oklahoma Court Information System and that it has no control over the Clerk's input of data into the system. Defendants argue that court clerks are entitled to quasi-judicial immunity for performing tasks intimately related to the judicial process, citing *Sindram v. Suda*, 986 F.2d 1459 (D.C.Cir.1993) for the proposition that all acts of auxiliary court personnel that are basic and integral parts of the judicial function unless those acts are done in the clear absence of all jurisdiction. Plaintiffs responded that their damages stemmed from Clerk's negligence in performing ministerial and executive duties involving maintenance of court files for which there is no judicial immunity. Clerk's reply sets out the statutory procedures for Clerk's handing of traffic cases and in sur-reply, plaintiffs allege Clerk's prior knowledge of the duplication and her failure to correct it.

¶ 9 On January 25, 2008, the trial court granted summary judgment for Clerk in her official capacity. The order granting summary judgment states only that the court is "of the opinion the state of the law in Oklahoma is unclear as to plaintiff's position and that the court therefore finds plaintiff has failed to adequately defeat Clerk's Motion for Summary Judgment." On that same date the trial court granted Board's motion for summary judgment.

¶ 10 The burden is on the party moving for summary judgment to show entitlement to judgment as a matter of law. When the moving party has made a prima facie showing, the opposing party must contest this by showing facts that are in dispute. *See, First National Bank & Trust Co. of Oklahoma City v. Nesbitt*, 598 P.2d 1197 (Okla.1979).

¶ 11 The Oklahoma Governmental Tort Claims Act is the exclusive remedy by which an injured plaintiff may recover against a governmental entity for its negligence. *Fuller v. Odom*, 1987 OK 64, 741 P.2d 449. The liability of the state or political subdivision is exclusive, and in place of all other liability of the state, a political subdivision *or employee* at common law or otherwise. 51 O.S. § 153(B). A political subdivision is liable for loss resulting from its torts or the torts of its employees committed within the scope of employment only where private persons or entities would be liable for money damages under the laws of the state.[4] 51 O.S.2001 § 153. If an employee is acting outside the scope of employment, the GTCA does not apply. *Pellegrino v. State, ex rel. Cameron University*, 2003 OK 2, 63 P.3d 535, 538.

¶ 12 The Oklahoma county district court clerk is an elected county official.[5] The GTCA defines "employee" as any person who is authorized to act on behalf of a political subdivision or the state, *including all elected or appointed officers*. 51 O.S. § 152(5)(a)(1). Those who are defined as employees under the GTCA are within the protection of respondeat superior liability for those duties within the scope of employment. *See, Nelson v. Pollay*, 1996 OK 142, 916 P.2d 1369, 1374. Individual employees are immunized from tort liability when they act within the scope of employment. *Nail v. City of Henryetta*, 1996 OK 12, 911 P.2d 914, 916. Scope of employment means performance by an employee acting in good faith within the duties of his office or employment or of tasks lawfully assigned by a competent authority. 51 O.S. § 152(9).

¶ 13 Oklahoma law recognizes the application of the doctrine of respondeat superior to the Governmental Tort Claims Act. *DeCorte v. Robinson*, 1998 OK 87 ¶ 12, 969 P.2d 358. The respondeat superior rule rests on the premise that when exercising delegated authority, the employee stands under the complete control of the employer. *Pollay*, at 1374, fn. 23. Board cannot be called upon to respond in damages under the doctrine of respondeat superior for Clerk's

---

4.  "Tort" is defined by the Act as a legal wrong, independent of contract, involving violation of a duty imposed by general law or otherwise, resulting in a loss to any person, association or corporation as the proximate result of an act or omission of a political subdivision or the state or an employee acting within the scope of employment. 51 O.S. § 152(11).

5.  Oklahoma Constitution, Art. 17 § 2 sets out the county and township offices, which includes the office of Clerk of the District Court.

performance of judicial functions which are neither the Board's responsibility, nor within the Board's power to control. *North Side State Bank v. Board of County Commissioners of Tulsa County*, 1994 OK 34, 894 P.2d 1046, 1051.

¶ 14 The district court clerk is both a county officer and an officer or "arm" of the court. *Petuskey v. Cannon*, 1987 OK 74, 742 P.2d 1117. Court clerks exercise powers and perform duties imposed by statutes and common law. The district court clerk is "judicial personnel" and is an arm of the court whose duties are ministerial, except for those discretionary duties provided by statute. *Id.* In the performance of clerk's ministerial functions, the court clerk is subject to the control of the Supreme Court and the supervisory control that it has passed down to the Administrative District Judge in the clerk's administrative district. *Id.* Thus, where the court clerk is performing duties essential to the court, the Board of County Commissioners does not stand in an agency relationship with Clerk and is not liable for negligence of the Clerk. In *North Side State Bank v. Board of County Commissioners of Tulsa County*, 1994 OK 34, 894 P.2d 1046, 1051, we said that in the performance of all ministerial court functions, the court clerk and his or her deputies are subject to summary control by the judges and the Board of County Commissioners had no control over clerk in the performance of those duties.

¶ 15 In *North Side State Bank*, the court clerk was acting as bursar for the state district courts in issuing a voucher to satisfy a claim against the court fund ordered to be paid. Because the Board of County Commissioners had no control over interpleaded court funds, it was not liable under the respondeat superior doctrine for the court clerk's acts in handling those funds. *North Side State Bank*, at page 1056. We affirmed summary judgment in favor of the Board of County Commissioners because the summary judgment materials of record in that case clearly and conclusively established that at the time of the voucher's issuance, the court clerk did not stand vis a vis the Board in an agent/principal relationship. *Id.*

¶ 16 The same is true in the case at bar. Oklahoma statutes detailing the duties of the clerk of the district court when processing traffic cases conclusively establish that the clerk is acting on behalf of and at the direction of the courts when performing such duties. Title 20 O.S.2001 § 91.2(A) provides that actions filed in the district court shall be assigned to various dockets, including the traffic docket, *by the clerk of the court pursuant to the direction and supervision of the presiding judge* of the district. The clerk is required by the Supreme Court to utilize the Court's computerized docketing system. Title 20 O.S. § 1315(A)(2) provides that court clerks and judges of the district courts of this state *shall* utilize the case tracking, accounting, legal research and other services of the Oklahoma Court Information System, *at the direction of the Chief Justice of the Supreme Court.* Section 1315.1 establishes a management information services division in the office of the Administrative Director of the Courts that shall be responsible for implementation and management of the Oklahoma Court Information System.

¶ 17 The processing of traffic cases requires Clerk to accept pleas and payment of fines on behalf of the court, deliver the traffic citation to the district attorney's office and send abstracts of the record in traffic cases to the Department of Public Safety. The Bail Bond Procedure Act, 22 O.S. § 1115 et seq., directs payment of fines and costs by the defendant to the court clerk in any form approved by the court. If the defendant pleads nolo contendere, as did the plaintiff herein, the plea shall be accepted by the court.[6] Upon issuing a traffic citation re-

---

6. Title 22 O.S. § 1115.1 provides for release on personal recognizance for a person who is arrested solely for a misdemeanor violation of a state or municipal traffic law. A person released upon personal recognizance may elect to enter a plea of guilty or nolo contendere to the violation charged at any time before the defendant is required to appear for arraignment, by indicating such plea on the copy of the citation furnished to the defendant, together with the date of the plea and signature. The defendant shall be responsible for assuring full payment of the fine and costs to the appropriate court clerk in any form approved by the court. If the defendant enters a plea of nolo contendere, the plea shall be accept-

quired to be filed in district court, the arresting officer shall deliver the complaint information and "abstract of court record" parts of the citation to the district court clerk, without the endorsement of the district attorney. Title 22 O.S.2001 § 1114.3. It is the duty of the district court clerk to deliver the complaint information to the district attorney who shall endorse or decline and file the complaint information with the district court clerk. Upon receipt of a traffic citation by the district court clerk, the clerk shall deliver the original complaint information to the district attorney. The district court clerk's office shall maintain the "abstract of court record" part of the citation until the final disposition of the case by the district attorney, at which time the court clerk must add the disposition information to the "abstract of court record" part of the citation and forward it to the Department of Public Safety. In the case at bar, the district attorney's office endorsed traffic Citation No. 38869 for filing in Clerk's office.[7]

¶ 18 The *maintenance* of traffic records is at the direction of magistrates or judges. Title 47 O.S. Supp.2007 § 18–101 requires *every magistrate or judge of a court* to keep, or cause to be kept, a record of every traffic complaint, traffic citation, or other legal form of traffic charge deposited with or presented to the court, including, but not limited to, a record of every conviction, forfeiture of bail, judgment of acquittal and the amount of fine or forfeiture resulting

from every traffic complaint, citation or other legal form of traffic charge deposited with or presented to the court.[8] Thus, the responsibility for maintaining traffic files lies with the judge or magistrate of the court and the clerk maintains those files for and at the direction of the judges.

¶ 19 Plaintiff was issued a traffic citation for violation of 47 O.S. § 11–801, the speeding violations section of Oklahoma's motor vehicle law. The inception and processing of such cases involves law enforcement agencies, the district attorney's office, the courts, the district court clerk and others. In the processing of traffic cases, Clerk is acting as an arm of the court system. The Board of County Commissioners is not part of the traffic court process nor do they have supervisory control over the district court clerk when engaged in that process. Neither is the Board the overseer of the Clerk's office with regard to court data that Clerk inputs into the OCIS system. Plaintiffs have pointed to no provisions that reflect any involvement of the Board of County Commissioners in the district court clerk's performance of ministerial duties on behalf of the courts pursuant to Oklahoma law.[9] Where the evidentiary materials of record clearly establish that the Board of County Commissioners had no control over and no role to play in the clerk's actions, the Board will not be called upon to respond in damages under the doctrine of respondeat superior. *North Side State Bank v. Board of County Commission-*

ed by the court and the amount of the fines and costs shall be as set out therein.

7. A citation that is certified by the district attorney or an assistant district attorney shall constitute an information against the person arrested and served with the traffic citation. 22 O.S. § 1114.3(E).

8. Section 18–101(B) requires *every magistrate of the court or clerk of the court* of record in which a conviction was had or bail was forfeited to prepare and forward to the Department of Public Safety an abstract of the record covering the case in which the person was convicted, which shall be certified by the person required to prepare the abstract to be true and correct. Conviction, with regard to any person holding a class A B or C driver's license, is defined in section 6–205.2 to include payment of a fine. The failure refusal or neglect of any *judicial officer* to comply with any

of the requirements of the section shall constitute misconduct in office and shall be grounds for removal. Sec. 18–101(F).

9. Plaintiff relies on 19 O.S. § 339. That section enumerates the general powers of the county commissioners. Subsection A(2) provides that commissioners have the power to audit the accounts of all officers having the care, management, collection or disbursement *of any money belonging to the county or appropriated for its benefit.* Subsection (A)(9) provides that the county commissioners shall have the power to *develop minimum personnel policies for the county,* with the approval of a majority of all county elected officers. The cited sections make no reference to oversight by Board as to court clerk's handling of court monies or to any responsibility of Board for training or overseeing the training of court clerk or clerk's personnel in the performance of duties on behalf of the courts.

*ers of Tulsa County,* 1994 OK 34, 894 P.2d 1046, 1051. Summary judgment was properly entered in favor of the Board under the GTCA.

■ ¶ 20 As to Clerk, summary judgment is proper because Clerk in her official capacity is not a proper party. Suit against a government officer in his or her official capacity is actually a suit against the entity that the officer represents and is an attempt to impose liability upon the governmental entity. *Pellegrino v. State ex rel. Cameron University,* 2003 OK 2, 63 P.3d 535, 537. The state or political subdivision against which liability is sought to be established shall be named as defendant, and in no instance shall an employee acting within the scope of employment be named as a defendant, with the exception of resident physicians. 51 O.S. § 163(C). Designating an employee in his or her official capacity as a named defendant for this type of claim is improper under the GTCA. *Pellegrino v. State ex rel. Cameron University,* 2003 OK 2 ¶ 6, 63 P.3d 535, 537. In light of our holding in this case, we need not address other issues raised in the petition in error.

**AFFIRMED.**

¶ 21 ALL JUSTICES CONCUR.