OSCN Found Document:BARNARD v. SUTTON

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 BARNARD v. SUTTON
2014 OK CIV APP 30
Case Number: 110841
Decided: 11/21/2013
Mandate Issued: 03/26/2014
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2014 OK CIV APP 30, __ P.3d __

TERESA J. BARNARD, Plaintiff/Appellant,
v.
EDDIE EUGENE SUTTON, Defendant/Appellee,
and
Oklahoma State University, Justin R. Hart, Thomas W. Allen, James Battles, Jr., Joe Juller, Robet A. Distefano, and James S. Distefano, Defendants.

APPEAL FROM THE DISTRICT COURT OF PAYNE COUNTY, OKLAHOMA

HONORABLE PHILLIP C. CORLEY, JUDGE

AFFIRMED

Rex D. Brooks, REX D. BROOKS, ATTORNEY AT LAW, Oklahoma City, Oklahoma, for Plaintiff/Appellant,
Mort G. Welch, Sherry L. Smith, WELCH & SMITH, P.C., Oklahoma City, Oklahoma, for Defendant/Appellee.

ROBERT D. BELL, JUDGE:

¶1 Plaintiff/Appellant, Teresa J. Barnard, appeals from the trial court's grant of summary judgment to Defendant/Appellee, Eddie Eugene Sutton, in this tort action arising from an automobile accident. For the reasons set forth below, we affirm.

¶2 In February 2006, Sutton was employed as the head men's basketball coach at Oklahoma State University (OSU). On February 10, 2006, Sutton negligently drove a motor vehicle into Plaintiff's vehicle, causing her injuries. Sutton's vehicle was furnished to him by OSU as part of his employment compensation package. At the time of the accident, Sutton was in route from the performance of work in his office on the OSU campus to the Stillwater Municipal Airport to catch a flight with his team for an out-of-town game. Sutton was admittedly intoxicated at the time of the accident and subsequent testing revealed a .22 blood alcohol level. Four OSU employees, Defendants Thomas A. Allen, James Battles, Jr., Justin R. Hart and Joe Muller (Employee Defendants), came to Sutton's aid after he fell in the parking lot on OSU's campus and witnessed Sutton before he left in his car for the airport. Muller offered to drive Sutton to the airport and subsequently followed him in a separate car along the way, twice attempting to stop Sutton.

¶3 Plaintiff filed the instant suit on August 8, 2007. She sued Sutton for negligence, contending he was not acting within the scope of his employment because of his intoxication. She sued OSU pursuant to the Governmental Tort Claims Act, 51 O.S. 2001 §151 et seq. (GTCA), claiming OSU was liable for Sutton's acts performed within the scope of his employment. She also claimed OSU was negligent in its hiring, training and supervision of the Employee Defendants. Plaintiff's claims against the Employee Defendants asserted they negligently assisted or enabled Sutton to drive the vehicle while he was under the influence. She alleged those defendants were not acting within the scope of their employment with OSU when they assisted Sutton.[1]

¶4 On their motion, the trial court granted summary judgment to the Employee Defendants. Division II of this Court subsequently affirmed that judgment in Barnard v. Allen, Case No. 106,629 (Dec. 30, 2009) (unpublished), cert. denied April 7, 2010. The Court held, "even if [the Employee Defendants] were acting outside the scope of their employment and knew or should have known Sutton was intoxicated, [they] owed no duty to protect Barnard from Sutton's negligent driving." Slip Opinion at ¶17.

¶5 On September 20, 2010, Plaintiff moved to transfer venue of her case to Oklahoma County. That motion was pending when OSU made - and Plaintiff accepted - an offer of judgment for $175,000.00. The trial court entered judgment for Plaintiff against OSU in that amount on November 23, 2010. Plaintiff thereafter filed a release and satisfaction as to OSU. Plaintiff's motion to transfer venue was denied by order dated December 23, 2011, on the ground Plaintiff failed to show she could not receive a fair trial in Payne County.

¶6 Plaintiff then filed a motion for partial summary judgment against Sutton, arguing Sutton's intoxication prevented him from acting within the scope of his duties, within the meaning of the GTCA, when he struck Plaintiff's vehicle. Sutton countered by filing a motion to dismiss or, in the alternative, motion for summary judgment. Therein, Sutton argued the judgment entered for Plaintiff against OSU bars her claims against Sutton. Specifically, Sutton claimed the undisputed material facts establish he was driving a vehicle furnished by OSU for his use, acting within the scope of his employment, when his vehicle struck Plaintiff's vehicle and caused her injuries. Thus, Sutton asserts, he is immune from suit under the GTCA.

¶7 The trial court concluded that after the Employee Defendants were granted judgment, the only remaining defendants were OSU and Sutton. Plaintiff's claim against OSU was premised on the school's vicarious liability for Sutton's negligence committed within the scope of his employment. Her claim against Sutton was based on his negligence committed outside the scope of his employment. The trial court held that when Plaintiff accepted the offer of judgment from OSU, she also accepted that Sutton was acting within the scope of his employment when he committed his negligent acts against her. Based on that finding, the court held as a matter of law Sutton was acting within the scope of his employment at the time of the accident, notwithstanding his intoxication. The trial court overruled Plaintiff's motion and granted Sutton's motion. From said judgment, Plaintiff appeals. This matter stands submitted for accelerated appellate review without appellate briefs on the trial court record pursuant to Rule 13(h), Rules for District Courts, 12 O.S. 2011, Ch. 2, App., and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. 2011, Ch. 15, App. 1.

¶8 This Court's standard of review of a trial court's grant of summary judgment is de novo. Hoyt v. Paul R. Miller, M.D., Inc., 1996 OK 80, ¶2, 921 P.2d 350, 351-2. Summary judgment is proper when the evidentiary materials "establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Shelley v. Kiwash Elec. Co-op., 1996 OK 44, ¶15, 914 P.2d 669, 674.

¶9 As previously set forth, Plaintiff sued OSU pursuant to the GTCA. "The Oklahoma Governmental Tort Claims Act is the exclusive remedy by which an injured plaintiff may recovery against a governmental entity for its negligence." Speight v. Presley, 2008 OK 99, ¶11, 203 P.3d 173, 176. "Under the GTCA, [a governmental entity] cannot be held liable for acts or omissions of its employees acting outside the scope of their employment." Morales v. City of Okla. City ex rel. Okla. City Police Dept., 2010 OK 9, ¶4, 230 P.3d 869, 873 n.5. Stated otherwise, "If an employee is acting outside the scope of employment, the GTCA does not apply." Speight at ¶11, 203 P.3d at 176.

¶10 OSU is a governmental entity covered by the GTCA. 51 O.S. Supp. 2010 §152(13) (definition of "State" includes "university"). Sutton was clearly an employee of OSU at the time of the accident. 51 O.S. Supp. 2010 §152(7) ("'Employee' means any person who is authorized to act in behalf of a political subdivision or the state . . ."). An essential prerequisite for Plaintiff to recover any damages from OSU for Sutton's conduct was a determination that Sutton was acting within the scope of his employment when he drove his vehicle into Plaintiff's. If Sutton's conduct fell outside the scope of his employment, the GTCA would not have applied and OSU would have been immune from Plaintiff's suit.

¶11 By accepting OSU's offer of judgment in this case brought pursuant to the GTCA, Plaintiff implicitly acquiesced in a legal truism: OSU's liability arose only because Sutton's tortious acts were committed within the scope of his employment. Whether Sutton's intoxication constituted conduct falling outside the scope of his employment, see, e.g., Holman v. Wheeler, 1983 OK 72, 677 P.2d 645, is not at issue in this opinion. By accepting OSU's offer of judgment, Plaintiff accepted that Sutton was acting within the scope of his employment when he caused her injuries.

¶12 The GTCA further provides:

A judgment or settlement in an action or claim under this act shall constitute a complete bar to any action by the claimant against an employee whose conduct gave rise to the claim resulting in that judgment or settlement.

51 O.S. 2001 §160. Plaintiff's settlement with OSU constitutes a complete bar to her claims against Sutton, "whose conduct gave rise to the claim resulting in" the settlement and judgment against OSU.

¶13 On the basis of the foregoing and upon de novo review, we conclude there exists no issue of disputed material facts and Sutton is entitled to judgment as a matter of law. Because Sutton is entitled to judgment as a matter of law, we need not address Plaintiff's allegation that the trial court erred in denying her motion to transfer venue. The judgment of the trial court is affirmed.

¶14 AFFIRMED.

BUETTNER, P.J., and JOPLIN, C.J., concur.

FOOTNOTES

[1] Plaintiff's also named as a defendant another OSU employee, Robert A. Distefano (later amended to James S. Distefano). She later dismissed Distefano from the case.






 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Supreme Court Cases Cite
Name
Level 1996 OK 44, 914 P.2d 669, 67 OBJ 1190, Shelley v. Kiwash Elec. Cooperative, Inc.
Discussed 1996 OK 80, 921 P.2d 350, 67 OBJ 2308, Hoyt v. Paul R. Miller, M.D., Inc.
Discussed 2008 OK 99, 203 P.3d 173, SPEIGHT v. PRESLEY
Discussed 2010 OK 9, 230 P.3d 869, MORALES v. CITY OF OKLAHOMA CITY ex rel. OKLAHOMA CITY POLICE DEPT.
Discussed 1983 OK 72, 677 P.2d 645, Holman By & Through Holman v. Wheeler
Discussed
Title 51. Officers Cite
Name
Level 51 O.S. 152, Definitions
Discussed 51 O.S. 151, Short Title
Cited 51 O.S. 160, Injuries for Which Political Subdivision Liable - Recovery of Payments - Limitations of Actions
Cited