STOUT v. CLEVELAND COUNTY SHERIFF'S DEPT.



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STOUT v. CLEVELAND COUNTY SHERIFF'S DEPT.

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STOUT v. CLEVELAND COUNTY SHERIFF'S DEPT.
2018 OK CIV APP 11
419 P.3d 382
Case Number: 115931
Decided: 12/29/2017
Mandate Issued: 02/23/2018
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2018 OK CIV APP 11, 419 P.3d 382

 

DANIEL RAY STOUT, Plaintiff/Appellant,
v.
CLEVELAND COUNTY SHERIFF'S DEPARTMENT, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
CLEVELAND COUNTY, OKLAHOMA

HONORABLE TRACY SCHUMACHER, TRIAL JUDGE

AFFIRMED

Edward F. Saheb, E.F.S. LAW CENTER, Oklahoma City, Oklahoma, for Plaintiff/Appellant

David W. Lee, RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LEWIS, Oklahoma City, Oklahoma, for Defendant/Appellee

JANE P. WISEMAN, JUDGE:

¶1 Plaintiff Daniel Ray Stout appeals a summary judgment entered in favor of Defendant Sheriff Lester in his Official Capacity as Sheriff of Cleveland County, Oklahoma. Plaintiff also appeals the trial court's order striking his motion to reconsider. This appeal, assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36, 12 O.S. Supp. 2016, ch. 15, app. 1, is considered without appellate briefing. After review, we find no error in the trial court's summary judgment or in its denial of Plaintiff's motion to reconsider, and we affirm.

FACTS AND PROCEDURAL BACKGROUND

¶2 Plaintiff explains in his amended petition that on March 16, 2011, he "sustained serious and permanent injuries as a result of being attacked by a dog owned by Defendant." Plaintiff states that while police officers were "in hot pursuit of two women," they found Plaintiff in his yard and ordered him to the ground even though he was not a suspect. Plaintiff alleges he complied with their request and then the officers ordered the police dog to attack him and "laughed as the Plaintiff was screaming in fear of being eaten alive." Plaintiff sought emergency care for his injuries which required subsequent treatment.

¶3 Plaintiff states that on April 13, 2011, he sent a Notice of Tort Claim as required by the Oklahoma Governmental Tort Claims Act (GTCA), 51 O.S. § 156 to the "Offices of Risk Management, Cleveland County Clerk and Sheriff's Department." The Risk Management Division confirmed its receipt of Plaintiff's letter on April 18, 2011. Plaintiff claims, "A notice of Denial of Claim was mailed on Friday, July 15, 2011 and received by this office on July 18, 2011."

¶4 Plaintiff then brought this action. According to the OSCN docket sheet, Plaintiff originally filed the petition on January 13, 2012, in response to which Defendant filed a motion to dismiss. Plaintiff then filed an amended petition on May 31, 2012, against the Cleveland County Sheriff's Department[1] for negligence arguing that the "wound and subsequent injuries were the direct and proximate result of the injuries suffered as a result of being [attacked] by the dog owned and controlled by the Defendant" and that the "Defendant is strictly liable under Okla. Stat. Tit. 4, §42.1, as it is the owner and custodian of the dog under Oklahoma law; [Plaintiff] did not provoke the attack by the animal and was in a location where he had a legal right to be." Plaintiff further alleged that Defendant negligently failed "to properly control and train the Dog and/or willfully ordered the dog to attack the Plaintiff and/or willfully refused to exert control over the dog in violation of Oklahoma Statutes and common [l]aw negligence." Plaintiff also sought recovery for Defendant's violation of his civil rights. Plaintiff contends that, as a result of these actions, he sustained permanent injuries, pain and suffering, medical expenses, and mental distress. If Defendant's actions are willful, Plaintiff argues he is entitled to punitive damages. Contemporaneously with filing the amended petition, Plaintiff filed a response to Defendant's motion to dismiss.

¶5 On October 23, 2012, Defendant filed both an answer to the amended petition and a second motion to dismiss arguing that "Plaintiff's state tort law cause of action should be dismissed as this court does not have subject matter jurisdiction as Plaintiff failed to comply with the [GTCA]." Defendant argues that "the Office of Risk Management has nothing to do with Cleveland County or Sheriff Lester" so the dates triggering the GTCA deadlines are inapplicable. Defendant maintains that the County Clerk of Cleveland County is the proper entity to receive the tort claim notice. Because the County Clerk's office received Plaintiff's notice on April 14, 2011, his "claim was deemed denied by operation of law on July 13, 2011, which is 90 days from April 14, 2011." So "in order to timely file his lawsuit, Plaintiff needed to file it by Monday, January 9, 2012, which was 180 days from July 13, 2011. However, the Petition was not filed until January 13, 2012," rendering Plaintiff's claims barred by the GTCA as untimely. And, Defendant adds, "Plaintiff's reliance on the letter from the Office of Risk Management cannot exten[d] the statutory filing deadline."

¶6 In response, Plaintiff argued: 1) The "Supreme Court has determined that the date can be extended by tolling, waiver, or estoppel," and 2) "the date relied on by the Plaintiff was provided by the State of Oklahoma." Plaintiff argues he never "received from either Sheriff's Department or Cleveland County Court [sic] Clerk" any communication "acknowledging receipt of Notice and/or Denial of Claim" and that he is entitled to rely on the Office of Risk Management's letter confirming receipt of the tort claim notice on April 18, 2011. Plaintiff's third proposition states the "Oklahoma Supreme Court recognized the right to rely on a date provided by an apparent authority." Plaintiff's last proposition contends that "the request for additional information of July 8, 2012 should restart the date."

¶7 In reply, Defendant argues that the GTCA does not require a political subdivision to "affirmatively acknowledge receipt of a notice or affirmatively advise that a claim is denied. . . . Plaintiff could have easily determined the precise date that the County, through the Cleveland County Clerk's Office, received Plaintiff's notice of tort claim" by hand delivering the notice or mailing it certified mail, return receipt requested, or calling the County Clerk's office to determine if it had received the notice. Defendant further argues that the 90-day time period could not be extended, tolled or waived by the Office of Risk Management. Defendant contends, "There is no relationship between the State and the County which would enable the state to waive the defenses of the County (specifically lack of jurisdiction) in this GTCA action. Moreover, a simple reading of the GTCA shows that the State has no 'apparent authority' over the County, or any other political subdivision, as claimed by Plaintiff."

¶8 In a minute order filed November 19, 2012, the trial court granted Defendant's motion to dismiss.[2]

¶9 On November 27, 2012, Plaintiff filed a motion to reconsider the trial court's order dismissing his tort claim arguing the trial court granted Defendant's motion to dismiss before having an opportunity to consider Plaintiff's response brief. Plaintiff's motion to reconsider restates the arguments set forth in his response to Defendant's motion to dismiss. Defendant responded incorporating by reference all of its previous arguments asserting the trial court's lack of subject matter jurisdiction over Plaintiff's tort claims because he failed to follow the requirements of the GTCA.

 

¶10 After a hearing, the trial court granted the motion to reconsider but requested supplemental briefing with additional authority which both parties submitted. After considering the additional briefing, the trial court denied Defendant's motion to dismiss pursuant to two handwritten "summary orders."

¶11 After discovery, Defendant filed a motion for summary judgment on December 29, 2014, arguing 1) "Plaintiff failed to comply with the [GTCA]; therefore, all torts against Cleveland County should be dismissed for lack of jurisdiction," and 2) "Sheriff Lester is entitled to summary judgment with regard to Plaintiff's 42 U.S.C. § 1983 claim for a civil rights violation against Sheriff Lester in his official capacity."

¶12 In response, Plaintiff argued summary judgment should not be granted because several facts regarding jurisdiction and Plaintiff's claim for a civil rights violation were disputed. Plaintiff further asserts that pursuant to the "law of the case doctrine," Defendant's issues should not be heard because they have already "been heard, decided and appealed."

¶13 Defendant urges the issues raised in his summary judgment motion "have never been settled by a prior appellate opinion" because the Oklahoma Supreme Court denied Defendant's request for a writ "and the underlying issues in the case were never briefed or argued before the Court." Defendant further maintains that he has produced additional evidence to show that Plaintiff filed his lawsuit outside the 180-day requirement and he has raised additional arguments showing the petition's untimeliness. Finally, Defendant asserts Plaintiff has failed to produce any evidence contesting Defendant's undisputed material facts.

¶14 After considering the parties' responses, replies, and supplemental briefs and hearing argument on Defendant's motion for summary judgment, the trial court granted Defendant Sheriff Lester's motion for summary judgment "for the reasons stated in the arguments and authorities cited in the Defendant's Brief and for the reasons set forth in the Court's Summary Orders filed on April 2, 2015." The court further found that "the arguments under the [GTCA] cited in Propositions I and II of the Defendant's Motion apply as stated in Defendant's Brief. Therefore, the Court grants Defendant's Motion [] for Summary Judgment as to the Plaintiff and dismisses the Defendant from this case as to all causes of action."[3]

¶15 Plaintiff then filed a motion asking the trial court to "reconsider and modify" its order pursuant to 12 O.S. § 1031.1 as follows:

 

In the absence of new facts this Court has reversed its own prior finding and ruling which was appealed and upheld previously. Defendant cannot re-urge the same proposition based on the same facts again and again until a desired result is achieved. Once an issue based on the same facts and requesting the same prayers has been litigated and decided by the Court, it should not be subject of re-litigation so that a different result can be obtained. . . . Defendant has in the instant case re-urged and re-argued the same set of facts and arguments no less than five times in order to get the desired result which contradicts prior findings of this Court.

¶16 In response, Defendant submits the trial court should deny the motion to reconsider without a hearing for failure to "comply with Rule 4(b) of the Rules for District Courts of Oklahoma, in that this Motion does not state the grounds for the Motion" and because Defendant "received Plaintiff's Motion to Reconsider Journal Entry on November 2, 2016, some thirteen days after Plaintiff filed his Motion on
October 20, 2016."

¶17 Defendant filed a motion to strike Plaintiff's motion to reconsider asserting the same arguments in the response and arguing that because Plaintiff brought it pursuant to 12 O.S. § 1031.1 and not 12 O.S. § 651, it could not be considered a motion for new trial which would have extended the "appeal time for review of a final order or judgment." Defendant argues if the motion falls under § 1031 or § 1031.1, "it will not extend the time to seek review of the final order or judgment to which it is directed." Defendant contends that because "there was no trial, or any of the other grounds as set forth in 12 O.S. § 651, . . . Plaintiff's Motion for Reconsideration cannot be considered to be a motion for new trial." According to Defendant, because Plaintiff failed to file his petition in error within 30 days of the October 11, 2016, order, the time to do so has expired.

¶18 On March 7, 2017, the trial court noted that Plaintiff failed to respond to Defendant's motion to strike and it granted the motion to strike. The trial court then determined that Plaintiff's motion to reconsider must be stricken.

¶19 Plaintiff appeals.

PROCEDURAL ISSUE

¶20 We first address a procedural issue Defendant raises in his response to the petition in error stating Plaintiff "cannot pursue this appeal because" he failed to timely file it within 30 days of the order granting the motion for summary judgment. In an order filed October 11, 2016, the trial court granted Defendant's motion for summary judgment. On October 21, 2016, Plaintiff filed a motion to reconsider--i.e., within 10 days of the filing of the summary judgment order. Even though Plaintiff states the motion to reconsider is brought pursuant to 12 O.S. § 1031.1, we must determine whether it should be considered a motion for new trial under 12 O.S. § 651 or a motion to modify or to vacate pursuant to 12 O.S. §§ 1031 or 1031.1. Plaintiff appeals the trial court's order striking his motion to reconsider. "A motion to reconsider may be treated as a 12 O.S. § 651 motion for new trial when the motion to reconsider is filed within a ten-day period after the filing of a judgment, decree or appealable order." Andrew v. Depani-Sparkes, 2017 OK 42, ¶ 15, 396 P.3d 210. "A motion to reconsider may [be] treated as a 12 O.S. § 1031 or § 1031.1 motion 'to modify or to vacate a final order or judgment . . . if filed after ten (10) days but within thirty (30) days of the filing of the judgment, decree, or appealable order." Id. Title 12 O.S.2011 § 990.2 provides:

When a post-trial motion for a new trial, for judgment notwithstanding the verdict, or to correct, open, modify, vacate or reconsider a judgment, decree or final order, other than a motion only involving costs or attorney fees, is filed within ten (10) days after the judgment, decree or final order is filed with the court clerk, an appeal shall not be commenced until an order disposing of the motion is filed with the court clerk. The unsuccessful party may then appeal from the order disposing of the motion within thirty (30) days after the date such order was filed.

See also Oklahoma Supreme Court Rule 1.22(c), 12 O.S. Supp. 2016, ch. 15, app. 1.

¶21 Because Plaintiff filed his motion to reconsider within 10 days after the summary judgment order was filed, his time to appeal did not begin to run until the trial court disposed of the motion to reconsider. So Plaintiff's appeal was timely, having been filed within 30 days after the filing of the order disposing of his motion to reconsider.

STANDARD OF REVIEW

¶22 "We review the denial of a new trial for abuse of discretion." State ex rel. Pruitt v. Native Wholesale Supply, 2014 OK 49, ¶ 11, 338 P.3d 613. "It is an abuse of discretion to deny a new trial where the summary judgment was incorrect." Id. "Where, as here, our assessment of the trial court's exercise of discretion in denying defendants a new trial rests on the propriety of the underlying grant of summary judgment, the abuse-of-discretion question is settled by our de novo review of the summary adjudication's correctness." Reeds v. Walker, 2006 OK 43, ¶ 9, 157 P.3d 100.

ANALYSIS

¶23 Plaintiff seeks reversal for trial court error in granting Defendant's motion for summary judgment and for failing to grant his motion to reconsider. According to Defendant, Plaintiff failed to properly dispute the "Rule 13 Statement of Facts for Which No Genuine Issue Exists." We agree. Neither in Plaintiff's response to Defendant's motion for summary judgment nor in the supplement to his response does he dispute Defendant's material facts with evidentiary material as District Court Rule 13(b), 12 O.S. Supp. 2016, ch. 2, app. requires. The relevant part of Rule 13(b) states:

In the statement, the adverse party or parties shall set forth and number each specific material fact which is claimed to be in controversy and reference shall be made to the pages and paragraphs or lines of the evidentiary materials. All material facts set forth in the statement of the movant which are supported by acceptable evidentiary material shall be deemed admitted for the purpose of summary judgment or summary disposition unless specifically controverted by the statement of the adverse party which is supported by acceptable evidentiary material. If the motion for summary judgment or summary disposition is granted, the party or parties opposing the motion cannot on appeal rely on any fact or material that is not referred to or included in the statement in order to show that a substantial controversy exists.

"'In order for material facts that are not controverted by the adverse party to be deemed admitted for the purpose of summary judgment, those material facts must be supported by admissible evidence.'" Lopez v. Board of Cnty. Comm'rs of Cherokee Cnty., 2016 OK CIV APP 69, ¶ 11, 383 P.3d 790 (quoting Patterson v. Beall, 2000 OK 92, ¶ 23, 19 P.3d 839).

¶24 Beyond his uncontroverted facts being deemed admitted pursuant to Rule 13(b), Defendant must still establish he is entitled to judgment as a matter of law. District Court Rule 13(e), 12 O.S. Supp. 2016, ch. 2, app. ("If it appears to the court that there is no substantial controversy as to the material facts and that one of the parties is entitled to judgment as a matter of law, the court shall render judgment for said party."). So we must next examine whether the trial court properly found Defendant is entitled to judgment as a matter of law.

I. Tort Claim

¶25 Defendant first asserts in his motion for summary judgment that "Plaintiff failed to comply with the [GTCA]; therefore, all tort[] [claims] against Cleveland County should be dismissed for lack of jurisdiction."

¶26 "The GTCA is the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort." Tuffy's Inc. v.City of Oklahoma City, 2009 OK 4, ¶ 7, 212 P.3d 1158. Title 51 O.S.2011 § 152.1(A) states: "The State of Oklahoma does hereby adopt the doctrine of sovereign immunity. The state, its political subdivisions, and all of their employees acting within the scope of their employment, whether performing governmental or proprietary functions, shall be immune from liability for torts." (Emphasis added.) When a plaintiff sues a defendant in his official capacity, "[s]uit against a government officer in his or her official capacity is actually a suit against the entity that the officer represents and is an attempt to impose liability upon the governmental entity." Speight v. Presley, 2008 OK 99, ¶ 20, 203 P.3d 173. Under such circumstances, the governmental entity shall be named as the defendant and "in no instance shall an employee acting within the scope of employment be named as a defendant." Id. "Designating an employee in his or her official capacity as a named defendant for this type of claim is improper under the GTCA." Id. In pursuit of the aims of the GTCA, "[a]n employee of a political subdivision is relieved from private liability for tortious conduct committed within the scope of employment." Tuffy's, 2009 OK 4, ¶ 8.

¶27 In a pleading filed October 2, 2012, Plaintiff agreed to amend the case style to reflect Defendant as "Sheriff Lester in his official capacity as Sheriff of Cleveland County, of State of Oklahoma." Because Plaintiff claims Defendant is liable for actions taken in fulfilling his official duties, GTCA immunity applies.

¶28 And, Plaintiff failed to timely file his case according to the strictures of the GTCA. Plaintiff says he sent notice of his tort claim to the Office of Risk Management, the County Clerk of Cleveland County and the Sheriff's Department. Plaintiff states the Office of Risk Management confirmed it received the notice on April 18, 2011, and that he did not receive confirmation of receipt of notice from the other two entities. When a person has a claim against the State, the claim "shall be in writing and filed with the Office of the Risk Management Administrator," but when a person has a claim against a political subdivision, the claim "shall be in writing and filed with the office of the clerk of the governing body." 51 O.S.2011 § 156(C), (D).[4] A "political subdivision" means in relevant part a municipality or county. 51 O.S. Supp. 2010 § 152(11).[5] "'State' means the State of Oklahoma or any office, department, agency, authority, commission, board, institution, hospital, college, university, public trust created pursuant to Title 60 of the Oklahoma Statutes of which the State of Oklahoma is the beneficiary, or other instrumentality thereof." 51 O.S. Supp. 2010 § 152(13). Because Plaintiff asserted a tort claim against the Cleveland County Sheriff, the County Clerk of Cleveland County--i.e., "the clerk of the governing body" at issue--is the proper entity to receive notices of tort claims as a political subdivision.

¶29 Although Plaintiff claims "no communication was ever received from either Sheriff's Department or Cleveland County Court [sic] Clerk acknowledging receipt of Notice and/or Denial of Claim," he does not cite any law establishing this requirement. To the contrary, 51 O.S.2011 § 157(A) only requires notice of approval or denial of the claim if it is within 90 days or less. If, however, the political subdivision fails to approve the claim "in its entirety within ninety (90) days," it is deemed denied. 51 O.S.2011 § 157(A). Section 157 provides:

A. A person may not initiate a suit against the state or a political subdivision unless the claim has been denied in whole or in part. A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days, unless the state or political subdivision has denied the claim or reached a settlement with the claimant before the expiration of that period. If the state or a political subdivision approves or denies the claim in ninety (90) days or less, the state or political subdivision shall give notice within five (5) days of such action to the claimant at the address listed in the claim. If the state or political subdivision fails to give the notice required by this subsection, the period for commencement of an action in subsection B of this section shall not begin until the expiration of the ninety-day period for approval. The claimant and the state or political subdivision may continue attempts to settle a claim, however, settlement negotiations do not extend the date of denial unless agreed to in writing by the claimant and the state or political subdivision.

B. No action for any cause arising under this act, Section 151 et seq. of this title, shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim as set forth in this section. The claimant and the state or political subdivision may agree in writing to extend the time to commence an action for the purpose of continuing to attempt settlement of the claim except no such extension shall be for longer than two (2) years from the date of the loss.

51 O.S.2011 § 157.

¶30 As Defendant points out, Plaintiff could have mailed the notice of tort claim certified mail with return receipt requested, or hand-delivered the notice, or called the County Clerk's office to determine the date it received the notice so he could properly calculate the 90-day and 180-day periods. An action against a political subdivision must be "commenced within one hundred eighty (180) days after denial of the claim." 51 O.S.2011 § 157(B). It is undisputed that on April 14, 2011, the County Clerk's office received Plaintiff's notice of tort claim. The claim was therefore deemed denied 90 days later on July 13, 2011. Plaintiff was then required to bring his lawsuit within 180 days or by January 9, 2012. Plaintiff's lawsuit filed on January 13, 2012, was out-of-time. "Compliance with the statutory notice provisions of the GTCA is a jurisdictional requirement to be completed prior to the filing of any pleadings." Hall v. GEO Group, Inc., 2014 OK 22, ¶ 13, 324 P.3d 399. Because Plaintiff failed to timely file his petition, the trial court lacked jurisdiction over Plaintiff's tort claims.[6]

II. Civil Rights Violation

 

¶31 In his amended petition, Plaintiff claims "the actions of the Defendant are additionally [a] violation of the Plaintiff's Civil Rights." Defendant argues in his motion for summary judgment that he "is entitled to summary judgment with regard to Plaintiff's 42 U.S.C. § 1983 claim for a civil rights violation against Sheriff Lester in his official capacity." In response, Plaintiff asserts that his civil rights violation "is premised on outrageous acts of the officer done intentionally without disregard to the health and safety of the Plaintiff." In his supplemental response, Plaintiff further explains his allegation stating his claim involves the "use of excessive force" by a police officer and cites Bosh v. Cherokee County Governmental Building Authority, 2013 OK 9, 305 P.3d 994, in support of this argument.

¶32 In Bosh, the Oklahoma Supreme Court held, "The Okla. Const. art 2, § 30 provides a private cause of action for excessive force, notwithstanding the limitations of the Oklahoma Governmental Tort Claims Act, 51 O.S.2011 §§ 151 et seq." Bosh, 2013 OK 9, ¶ 33. The Supreme Court, however, later clarified its holding in Bosh stating:

In Bosh, the applicable provisions of the OGTCA expressly immunized the state and political subdivisions such as counties and municipalities from liability arising out of the operation of prison facilities. Consequently, without the excessive force action brought under the Oklahoma Constitution, the Bosh plaintiff would have had no avenue for recovery for his injuries whatsoever.

Here, employer liability for police officer's alleged excessive force conduct under the OGTCA is well settled. Because the plaintiff could have brought a claim for excessive force against the City under the OGTCA and potentially recovered for that claim, he was not left without a remedy. There is no rationale requiring the extension of a Bosh excessive force action brought under the Okla. Const. art. 2, § 30 to this cause. Rather, the plaintiff's remedy belongs exclusively within the confines of the OGTCA and a jury's determination concerning whether the police officers were acting within the scope of their employment under the OGTCA, 51 O.S.2011 §§ 151 et seq.

Perry v. City of Norman, 2014 OK 119, ¶¶ 18-19, 341 P.3d 689 (footnotes omitted). Because Plaintiff's remedy for excessive force falls under the GTCA and we have determined Plaintiff failed to meet the GTCA's jurisdictional prerequisites, this claim is barred.

CONCLUSION

¶33 After review, we conclude that the record and applicable law are as the trial court described them, requiring entry of summary judgment. Summary judgment being appropriate, the trial court did not abuse its discretion in striking Plaintiff's motion to reconsider. The trial court's decisions are affirmed.

¶34 AFFIRMED.

THORNBRUGH, V.C.J., and BARNES, P.J., concur.

FOOTNOTES

[1] According to the docket sheet, Plaintiff filed a "combined supplement to his amended petition and notice of change in style of the case to reflect Sheriff Lester in his official capacity as Sheriff of Cleveland County as Defendant." We "may review information found on Oklahoma district court appearance dockets posted on the World Wide Web, such as on www.oscn.net . . . in order to enhance the court's ability to inquire into and protect its jurisdiction." Oklahoma Supreme Court Rule 1.1(d), 12 O.S. Supp. 2016, ch. 15, app. 1.

[2] On December 10, 2012, an "Order Dismissing Plaintiff's Tort Claims" was filed.

[3] It should be noted that, despite its common occurrence in trial court records, granting a motion for summary judgment results in a judgment, not a dismissal.

[4] Subsequent amendments to 51 O.S. § 156 did not change the substance of the provision cited.

[5] Subsequent amendments to 51 O.S. § 152 did not change the substance of the provision cited.

[6] Plaintiff further argues that the trial court should not have considered the GTCA arguments in Defendant's motion for summary judgment because it had previously denied Defendant's motion to dismiss on the same issue and the Supreme Court had previously denied Defendant's writ of prohibition on the question. Plaintiff fails to cite any authority to support his argument that because the trial court denied Defendant's motion to dismiss on the GTCA jurisdiction issue, Defendant was precluded from later filing a motion for summary judgment on the same issue. "Argument without supporting authority will not be considered." Oklahoma Supreme Court Rule 1.11(k)(1), 12 O.S. Supp. 2016, ch. 15, app. 1. On June 19, 2013, in Case No. 111,888, Defendant filed an "Application to Assume Original Jurisdiction and Petition for Writ of Prohibition" on this issue. On September 10, 2013, the Supreme Court denied Defendant's application in an order simply denying relief. No opinion in the matter was issued. Miller Dollarhide, P.C. v. Tal, 2006 OK 27, ¶ 8, 174 P.3d 559 ("It is well settled that our refusal to exercise original jurisdiction under art. 7, § 4, has no preclusive effect as to the underlying issues and does not constitute an adjudication on the merits"). And, "where the prior appellate action is merely a summary order denying a writ . . . the doctrines of res judicata and law of the case are not implicated." Id. ¶ 15. We thus disagree with Plaintiff that the trial court was precluded from considering Defendant's motion for summary judgment on this issue.

 

 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2016 OK CIV APP 69, 383 P.3d 790, LOPEZ v. BD. OF COUNTY COMMISSIONERS OF CHEROKEE COUNTY
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2000 OK 92, 19 P.3d 839, 71 OBJ 3016, PATTERSON v. BEALL
Discussed
 2006 OK 27, 174 P.3d 559, MILLER DOLLARHIDE, P.C. v. TAL
Discussed
 2006 OK 43, 157 P.3d 100, REEDS v. WALKER
Discussed
 2008 OK 99, 203 P.3d 173, SPEIGHT v. PRESLEY
Discussed
 2009 OK 4, 212 P.3d 1158, TUFFY'S, INC. v. CITY OF OKLAHOMA CITY
Discussed at Length
 2013 OK 9, 305 P.3d 994, BOSH v. CHEROKEE COUNTY GOVERNMENTAL BUILDING AUTHORITY
Discussed at Length
 2014 OK 22, 324 P.3d 399, HALL v. THE GEO GROUP, INC
Discussed
 2014 OK 49, 338 P.3d 613, STATE ex rel. PRUITT v. NATIVE WHOLESALE SUPPLY
Discussed
 2014 OK 119, 341 P.3d 689, PERRY v. CITY OF NORMAN
Discussed
 2017 OK 42, 396 P.3d 210, ANDREW v. DEPANI-SPARKES
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 651, New Trial - Definition - Causes for
Discussed at Length
 12 O.S. 990.2, Post-Trial Motions - Matters Taken Under Advisement - Costs, Attorney Fees, and Interest
Cited
 12 O.S. 1031, District Court, Power to Vacate or Modify its Judgments, When
Cited
 12 O.S. 1031.1, Authorization to Correct, Open, Modify or Vacate Judgments - Time - Notice - Costs
Discussed at Length
Title 51. Officers
 Cite
Name
Level

 51 O.S. 156, Claims - Petition - Limitation of Actions - Notice - Wrongful Death
Discussed at Length
 51 O.S. 152, Definitions
Discussed at Length
 51 O.S. 151, Short Title
Discussed
 51 O.S. 152.1, Adoption of Doctrine of Sovereign Immunity
Cited
 51 O.S. 157, Notice of Approval or Denial of Claim
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA